■ ARLENE MARCUS, an Infant, by Her Guardian ad Litem, SAMUEL B. MARCUS, Respondent, v. LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, Appellant.— In an action pursuant to the Insurance Law (§ 167, subd. 1, par. [b]), the appeal is from an order denying appellant's motion for summary judgment dismissing the complaint (Rules Civ. Prac., rule 113). Order affirmed, with $10 costs and disbursements. Respondent, an infant, was injured in her parents' home because of the negligence of her grandmother.

At the time of the accident respondent's parents were the named insureds in a personal liability insurance policy which had been issued by appellant, and the grandmother, although not named in the policy, was likewise, by its terms, insured thereunder, as a relative of the named insureds, residing in their household. Appellant disclaimed liability under the policy on the basis of provisions therein expressly conditioning liability on the insureds' giving written notice of an occurrence as soon as practicable. Respondent procured a money judgment against her grandmother, which remains unsatisfied. This action was brought to recover the amount of the judgment from appellant. The accident had occurred on March 18, 1956, when the respondent was six years of age, and the first written notice of its occurrence had been given to appellant's agent by letter of the respondent's father about November 1, 1956. It appears from the text of the letter and from a subsequent written statement dated November 27, 1956 which he gave appellant, that the reason for his delay in giving notice was that realization that the policy covered this occurrence did not come to him earlier. Appellant also procured a written statement from the grandmother, dated November 29, 1956, in which she stated that she did not have any policy to cover an accident such as this and therefore did not notify anyone. The summons in the action against the grandmother which was served on her on November 14, 1956, was turned over to appellant's agent by mail so that he received it on November 19, 1956, and was thereafter returned to the grandmother. On the basis of the foregoing facts, which are set forth in the papers on appeal, it appears that there is a triable issue of fact as to whether there was compliance with the condition in the policy to which reference has been made, in the light of the fact that timely and adequate notice by the respondent herself or by her grandmother, or on their behalf, would have satisfied the condition, and the fact that the standards by which notice by them or on their behalf are to be judged differ from the standards by which notice by a named insured is to be judged (Insurance Law, § 167, subd. 1, pars. [c], [d]; *Gluck* v. *London & Lancashire Ind. Co. of America,* 2 A D 2d 751, affd. 2 N Y 2d 953; *Lauritano* v. *American Fidelity Fire Ins. Co.,* 3 A D 2d 564, 568; *Pitts* v. *Ætna Cas. & Sur. Co.,* 218 F. 2d 58). Wenzel, Acting P. J., Hallinan and Kleinfeld, JJ., concur; Murphy and Ughetta, JJ., dissent and vote to reverse the order and to grant the motion for summary judgment dismissing the complaint, with the following memorandum: The narrow issue presented on this appeal is whether the question of the timeliness of the notice given by the insured to appellant should properly be submitted to a jury or should be ruled a breach of condition as a matter of law. The judgment debtor is the grandmother of the injured child, both of whom are insureds under the terms of the policy which, in addition to designating the named insureds, provides that: " The unqualified word ' Insured ' includes (a) the named Insured, (b) if residents of his household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of an Insured ". It is further provided that " written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable." This identical provision has been construed in *Deso* v. *London & Lancashire Ind. Co. of Amer.* (3 N Y 2d 127, 129), where notice was given 51 days after it became known that the injuries sustained by the plaintiff were the result of the accident or occurrence complained of. It was held that " a failure to satisfy the requirements of this clause by timely written notice vitiates the contract as to both the insured and the plaintiff recovering a judgment against him * * * that the term ' as soon as practicable ', like various similar expressions in other liability policies, requires

that written notice be given within a reasonable time under all the circumstances" and that the 51-day delay constituted a breach of the condition as a matter of law. In the instant case, notice could have been given on the day of the accident. The clear language of the policy admits of no doubt as to coverage, and the claim of unawareness of this coverage cannot be said to be a valid justification for the delay of seven and one-half months in affording the insurer notice of the claimed occurrence. The delay must, under the circumstances, be held to be unreasonable as a matter of law.