■ METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Respondent-Appellant, v KENNETH HORNER et al., Individually and as Parents and Natural Guardians of DAVID HORNER, an Infant, et al., Appellants-Respondents.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this declaratory judgment action plaintiff seeks a declaration that it has no duty to defend or indemnify defendants Horner, who are its insureds under a homeowners policy, in any action brought against the Horners by defendants Baldwin, Lufkin and Agway Insurance Company (Agway), or to pay any judgment which might be recovered in such action. Defendants Baldwin, Lufkin and Agway moved for summary judgment dismissing the complaint, as did defendant Horner, and plaintiff cross-moved for summary judgment. Special Term denied the motions and all parties appeal. Defendants Baldwin and Lufkin were the owners of a bar which was destroyed on September 11, 1977 as the result of fire allegedly caused by this infant David Horner, son of defendants Kenneth and Linda Horner and an insured under their homeowners policy. The fire loss was in excess of the amount of the insurance coverage under a policy issued to defendants Baldwin and Lufkin by defendant Agway. On September 15, 1978 the attorney for defendants Baldwin, Lufkin and Agway notified plaintiff of the fire. On September 16, 1978 defendants Horner notified plaintiff of the fire. By letter of September 22, 1978, plaintiff gave notice to all defendants that it was reserving its rights under its policy on the basis that defendants Horner had failed to give prompt notice of the fire (see Insurance Law, § 167, subd 1, par [d]). On October 31, 1978 plaintiff disclaimed coverage in a letter addressed only to defendants Horner. By letter of November 6, 1978 plaintiff, without amplification, informed defendant Agway that it had disclaimed coverage. Neither in its letters, nor in the complaint, dated November 7, 1978, does plaintiff assert or allege that its disclaimer is based upon the failure of defendants Baldwin, Lufkin and Agway to have given notice of the fire as soon as was reasonably possible. While we agree with Special Term's conclusion, and the reasoning upon which it is based, that the issue of timeliness of notice from the defendants Horner to plaintiff presents a question of fact which may not be resolved on a motion for summary

judgment, we find, as a matter of law, that plaintiff has not disclaimed as against defendants Baldwin, Lufkin and Agway. An injured party has an independent right to give notice to the insurer (Insurance Law, § 167, subd 1, par [c]), and "he is not to be charged vicariously with the insured's delay" in giving notice *(Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 568, affd 4 NY2d 1028; and see *General Acc. Ins. Group v Cirucci,* 46 NY2d 862; 2 NY PJI 4:66 and pp 1014-1015). Here it is undisputed that plaintiff's disclaimer is grounded solely upon its assertion that defendants Horner failed to give timely notice under the policy. Thus the disclaimer is ineffective as against defendants Baldwin, Lufkin and Agway *(General Acc. Ins. Group v Cirucci, supra)*. Their motion for summary judgment is granted. (Appeal from order of Genesee Supreme Court—summary judgment.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.