■ Children's Hospital of Buffalo, Plaintiff, v Employers Reinsurance Corporation, Respondent, and Paul A. Ruefli, Individually and as Parent and Natural Guardian of Esther Ruefli, an Infant, Appellant. — Order unanimously affirmed, without costs. Memorandum: Plaintiff and codefendant Ruefli appeal from the dismissal of Ruefli's motion for summary judgment in a declaratory judgment action against plaintiff's insurance company, Employers Reinsurance (Employers). The issues on this appeal involve the timeliness of Employers' disclaimer and the rights of the injured party (Ruefli) against the insurance company. The motion for summary judgment was properly denied because issues of fact were presented which could not be resolved summarily. Whether Employers' delay of three months in disclaiming coverage was untimely constitutes a question of fact to be determined in relation to the circumstances of the case (see *Allstate Ins. Co. v Gross,* 27 NY2d 263; *Aetna Cas. & Sur. Co. v Brice,* 72 AD2d 927, affd 50 NY2d 958). It is only the exceptional case wherein this issue can be resolved as a matter of law *(Aetna Cas. & Sur. Co. v Brice, supra).* Further, Ruefli is correct in asserting that he has an independent right against Employers and cannot be bound by plaintiff's late notice to Employers (see *General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *Metropolitan Prop. & Liab. Ins. Co. v Horner,* 79 AD2d 869; *Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, affd 4 NY2d 1028). However, this notice to Employers must also be "as soon as [is] reasonably possible" under the circumstances *(Lauritano v American Fid. Fire Ins. Co., supra,* p 569; *Zurich Ins. Co. v Martinez,* 24 Misc 2d 437, affd 14 AD2d 754). The injured party's notice to the insurance company is measured less rigidly, but must nonetheless be reasonable under the circumstances *(Marcus v London & Lancashire Ind. Co. of Amer.,* 6 AD2d 702, affd 5 NY2d 961; *Lauritano v American Fid. Fire Ins. Co., supra; Zurich Ins. Co. v Martinez, supra).* The reasonableness of Ruefli's notice to Employers was, therefore, a question of fact and the summary judgment motion was properly denied. (Appeal from order of

Erie Supreme Court, J. B. Kane, J. — summary judgment.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.