■ LAURI A. ADAMS, Plaintiff, v PERRY'S PLACE et al., Defendants. LAURI A. ADAMS, Appellant, v JEFFERSON INSURANCE COMPANY OF NEW YORK, Respondent.—Order and judgment unanimously affirmed without costs. Memorandum: The notice of disclaimer delivered to plaintiff in 1983, although it misquoted the language of an exclusion in the policy, identified the applicable policy exclusion and set forth the factual basis for the insurer's position that the claim fell within a policy exclusion with sufficient specificity to satisfy the statutory mandate and purpose *(see,* Insurance Law § 3420 [d]; *General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864; *John v Centennial Ins. Co.,* 91 AD2d 1104, 1105, *lv denied* 59 NY2d 605). The duty to disclaim is distinct from the duty to defend, and the duty to disclaim is satisfied when the insurer provides a notice of disclaimer "as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability" *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029, *rearg denied* 47 NY2d 951; *see also, Allstate Ins. Co. v Moon,* 89 AD2d 804, 806; *Foremost Ins. Co. v Rios,* 85 AD2d 677, *lv denied* 55 NY2d 607). The duty to disclaim was satisfied in the subject case when the insurer forwarded the 1983 notice.

The remaining issue, raised by plaintiff for the first time on appeal, is not properly before us, and, in any event, is without merit. (Appeal from order and judgment of Supreme Court, Onondaga County, Hayes, J.—declaratory judgment.) Present —Callahan, J. P., Denman, Green, Balio and Davis, JJ.