■ PAUL JAMES, SR., et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Paul James, Sr., was injured and his wife, Rajkumarie, died from injuries suffered in a two-car collision in Buffalo on September 2, 1985. Plaintiffs commenced an action in August of 1987 against the owner and operator of the vehicle in which the Jameses were passengers, the owners of the other vehicle, and Rondle Neely, who was driving the other vehicle. It appears that neither vehicle was insured at the time of the accident but that Neely was an insured person on a policy issued by defendant Allstate to Neely's parents. On March 1, 1988, Neely's attorney notified Allstate's agent of the accident and lawsuit, and ten days later, Allstate disclaimed liability because the insured had failed to notify Allstate of the accident or lawsuit "as soon as reasonably possible", as required by the policy. Plaintiffs commenced the instant action for a judgment declaring that Allstate's disclaimer was invalid.

Supreme Court erred in granting summary judgment declaring that the disclaimer was invalid. A policy provision requiring that notice be given "as soon as reasonably possible" means that notice is required within a reasonable time under all of the circumstances *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441; *Jenkins v Burgos,* 99 AD2d 217, 219-220). The required notice may be given by either the insured or an injured third person, and what constitutes a reasonable time is more liberally construed insofar as the claim of an injured third person is concerned *(see, Hartford Acc. & Indem. Co. v CNA Ins. Cos.,* 99 AD2d 310, 314; *Jenkins v Burgos, supra,* at 220-221; *Children's Hosp.*

*v Employers Reinsurance Corp.,* 84 AD2d 933). The reasonableness of the delay in giving notice is ordinarily a question for the fact-finder; it is only where no excuse is offered for the delay that the court may find, as a matter of law, that the delay was unreasonable *(see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127, 129-130; *Hartford Acc. & Indem. Co. v CNA Ins. Cos., supra,* at 313).

In the instant case, although no excuse was shown for the insured's failure to give written notice sooner than 2½ years after the accident, the issue is whether the injured third persons could have, under all the circumstances, reasonably given notice within that period. Resolution of that issue requires consideration of when the injured person knew or should have known of the fact of coverage and the identity of the insurer *(see, Jenkins v Burgos, supra; Allstate Ins. Co. v Moon,* 89 AD2d 804, 805; *Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 568-569, *affd* 4 NY2d 1028). In moving for summary judgment, plaintiffs failed to present evidentiary facts sufficient to enable the court to assess the diligence and reasonableness of their conduct for the entire period from the date of the accident to the date notice was given by the insured. Plaintiffs, having failed to negate the existence of triable issues of fact, were not entitled to judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Because there are factual issues on the reasons for the delay in giving notice, the court properly denied Allstate's cross motion for summary judgment. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Declaratory Judgment.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.