■ THOMAS WALTERS, an Infant, by RICHARD WALTERS, His Parent and Natural Guardian, et al., Respondents, v EDWARD L. ATKINS, JR., Defendant, and THE HARTFORD, Appellant.—

On April 25, 1987, plaintiff Thomas Walters, an infant, was injured when an all-terrain vehicle (ATV) that he was operating at Atkins' home struck a tree. The ATV was owned by Atkins. Approximately four days after the accident, plaintiff Richard Walters, father of Thomas Walters, called Atkins and requested that he contact his insurance company. On May 14, 1987, Richard Walters again phoned Atkins and requested that he contact his insurance company. Atkins told Walters that his insurance company had already been notified. Subsequently, plaintiffs commenced a negligence action against Atkins. Plaintiffs' counsel repeatedly urged Atkins to contact his insurance company but received no response to letters sent to Atkins at his home. In January 1988, Supreme Court awarded plaintiffs a default judgment in the amount of $25,648.95. Subsequently, Atkins obtained counsel and by letter dated March 25, 1988, Atkins' counsel for the first time provided notice of the incident to Hartford. On April 20, 1988, Atkins' counsel obtained an order to show cause vacating the

default judgment. The moving papers submitted in support of the order to show cause provided the first indication to plaintiffs that Atkins was insured by Hartford. On April 21, 1988, plaintiffs' attorney requested the insurance policy and name of Atkins' broker. A copy of Atkins' policy was given to plaintiffs' counsel on April 23, 1988.

On May 5, 1988, plaintiffs' counsel contacted Hartford by phone and requested that they provide coverage. Hartford declined and, on June 21, 1988, plaintiffs' counsel sent a written request to Hartford requesting that they provide coverage. Hartford disclaimed coverage.

Initially we note that there is no merit to Hartford's contention that, because the first notice of claim came from the injured party rather than the insured party, Insurance Law § 3420 (a) (3) is inapplicable. An injured party has an independent right to provide written notice to an insurer and cannot be bound by an insured's late notice *(see, General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *Children's Hosp. v Employers Reinsurance Corp.,* 84 AD2d 933; *Metropolitan Prop. & Liab. Ins. Co. v Horner,* 79 AD2d 869; *Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, *affd* 4 NY2d 1028). Hartford's reliance on *Massachusetts Bay Ins. Co. v Flood* (128 AD2d 683, *lv denied* 70 NY2d 612) is misplaced. While the issue in that case involved an insurer's notice of disclaimer, the decision explicitly recognized an injured party's independent right to provide notice to an insurer *(see, Massachusetts Bay Ins. Co. v Flood, supra,* at 684).

Additionally, we conclude that the trial court did not err in determining that plaintiffs acted reasonably in providing notice to Hartford *(see,* Insurance Law § 3420 [a] [4]; *Lauritano v American Fid. Fire Ins. Co., supra,* at 568-569). The notice required of an injured party is measured less rigidly than that required of the insured *(see, Children's Hosp. v Employers Reinsurance Corp., supra; Lauritano v American Fid. Fire Ins. Co., supra).* Here, plaintiffs acted expeditiously once they ascertained the identity of the insurer. While Hartford argues that plaintiffs' efforts should not be considered reasonable in light of the fact that Atkins told plaintiffs that he had insurance in May 1987, that contention ignores the fact that, beginning only four days after the incident, plaintiffs made repeated requests that Atkins contact his insurance company. After being assured by Atkins that his insurer had already been notified and, receiving no response from either Atkins or his insurer, plaintiffs acted reasonably in prosecuting their lawsuit. Under the circumstances, we conclude that plaintiffs

undertook reasonable efforts to provide notice to Hartford *(see, Lauritano v American Fid. Fire Ins. Co., supra).* (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Declaratory Judgment.) Present—Denman, P. J., Callahan, Green, Lawton and Davis, JJ.