■ STATE OF NEW YORK, Appellant, v ZURICH INSURANCE COMPANY, Respondent. [605 NYS2d 575] —White, J. Appeal from an order of the Supreme Court (Cardona, J.), entered August 11, 1992 in Albany County, which, upon reconsideration, adhered to its prior decision granting defendant's motion for summary judgment dismissing the complaint.

On September 9, 1983, oil fuel spilled from an oil storage tank owned by the New Rochelle Municipal Housing Authority (hereinafter NRMHA). Thereafter, on July 8, 1987, plaintiff commenced an action against NRMHA to recover the expenses it incurred in cleaning up the oil spill and penalties *(see,* Navigation Law §§ 181, 192). It eventually obtained summary judgment and entered judgment on November 6, 1989 against NRMHA for $113,146.38. Copies of the judgment were served on NRMHA and defendant on November 16, 1989.

After defendant informed NRMHA that it was denying coverage, plaintiff commenced this action against defendant pursuant to Navigation Law § 190. Subsequent to the service of its answer, defendant moved for summary judgment on the

ground that it was not provided with timely notice of plaintiff's action against NRMHA. Supreme Court granted the motion and, upon granting plaintiff's motion for reconsideration, adhered to its original decision. Plaintiff appeals.

Defendant's motion for summary judgment was predicated upon the provision in its policy requiring the insured to "immediately forward to the company every demand, notice, summons or other process received by him or his representative" and the undisputed fact that it first learned of plaintiff's action against NRMHA on November 16, 1989 when it received a copy of the judgment.

Whether these facts preclude plaintiff from maintaining this action must be determined in accordance with Insurance Law § 3420 (a) (4). This statute provides that, even though the time to provide notice has elapsed, notice to an insurer from an injured third party is valid if it is shown that it had not been reasonably possible to give notice within the prescribed time and that it was given as soon as was reasonably possible. What constitutes a reasonable time is liberally construed, and is ordinarily a question for the factfinder if an excuse is offered for the delay (see, Walters v Atkins, 179 AD2d 1067; James v Allstate Ins. Co., 177 AD2d 998).

The excuse offered by plaintiff is that, although NRMHA informed it in December 1987 that defendant was its insurer, it did not provide notice to defendant because NRMHA's counsel mistakenly advised it that defendant had disclaimed coverage. In State of New York v American Natl. Fire Ins. Co. (193 AD2d 996), we held that a third party's lack of knowledge of an insurer was a reasonable excuse for a delay in providing notice. It therefore follows that reliance upon an insured's representations that the insurer disclaimed cannot be an invalid excuse as a matter of law (see, Walters v Atkins, supra). Thus, because plaintiff has presented an excuse for its delay, Supreme Court should not have granted summary judgment to defendant.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment; said motion denied; and, as so modified, affirmed.