■ In the Matter of FIREMEN'S FUND INSURANCE COMPANY OF NEWARK, Respondent, v JOHN HOPKINS, JR., Appellant. [619 NYS2d 287] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, John Hopkins, Jr., appeals from a judgment of the Supreme Court, Nassau County (O'Shaugnessy, J.), dated June 9, 1993, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is dismissed, and the parties are directed to proceed to arbitration.

It is well-settled that an insurance carrier may not disclaim liability if it fails to give the insured timely notice of the disclaimer "as soon as is reasonably possible after it first learns of the accident or grounds for disclaimer of liability or denial of coverage" (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029; *New York Cent. Mut. Fire Ins. Co. v Markowitz*, 147 AD2d 461, 462). Moreover, the foregoing rule is applicable even if the insured or the injured claimant has in the first instance failed to provide the carrier with timely notice of an accident (see, *Kramer v Interboro Mut. Indem. Ins. Co.*, 176 AD2d 308; *New York Cent. Mut. Fire Ins. Co. v Markowitz, supra*). Where there is no explanation given by a carrier, a delay of two months in providing such notice is unreasonable as a matter of law (*Hartford Ins. Co. v County of Nassau, supra*).

Although the parties agree that notice of the claim was first given in a letter dated June 4, 1992, the petitioner argues that the starting date for the purpose of determining whether any delay on its part in disclaiming was unreasonable should be

October 5, 1992, when it received, *inter alia,* the police report of the accident. However, even accepting the validity of this argument, there would still exist an unreasonable delay of approximately four months' length. We stress in this regard that the petitioner has failed to substantiate with documentary evidence its conclusory assertion that it denied the appellant's claim on November 11, 1992. Insofar as the record indicates, the appellant was not notified of the disclaimer until he received the "notice of petition for stay of arbitration" which was served on or about February 8, 1993. Sullivan, J. P., Altman and Friedmann, JJ., concur.

Hart, J., dissents and votes to affirm the judgment appealed from, with the following memorandum, in which Rosenblatt, J., concurs: I cannot agree with the majority that the date that the disclaimer was made in the case at bar was untimely as a matter of law. I would therefore affirm the judgment permanently staying arbitration.

The case arises out of a claim under an uninsured motorist endorsement attached to an automobile liability policy. The factual basis underlying the claim was injury to the appellant arising out of the operation of an allegedly stolen vehicle. Absent a question of coverage, it is clear that the appellant qualified as an additional insured under the policy in question.

The appellant's uninsured motorist's claim was filed with the insurance carrier nearly three years after the occurrence that gave rise to his alleged injuries. The basis of the claim was the lack of insurance covering the vehicle in question due to the fact that it was being operated without the consent of the owner.

The relevant policy provision required that the accident for which coverage is sought be reported within 90 days from the date of its occurrence.

The accident occurred on July 23, 1989, and the appellant reported the incident to the respondent carrier on June 4, 1992. An official claim representative of the carrier sent a letter on July 22, 1992, and a second letter on August 20, 1992, asking the respondent to account for the delay in reporting. It was not until October 5, 1992, that a police report indicating that the vehicle in question had been stolen and medical information concerning the alleged injuries was forwarded to the carrier. The carrier disclaimed coverage on November 11, 1992.

The Supreme Court affirmed the reasonableness, in its opinion, of the denial of coverage based on the almost three

years' delay in reporting the claim. The decision is silent as to the timeliness of the disclaimer, and it must be assumed that it was found to be timely, as such a finding is a threshold question in cases such as the one at bar.

The majority, under our power of review of questions of law and fact (see, NY Const, art VI, § 5; CPLR 5501 [c]), has determined that the threshold requirement of a timely disclaimer was not crossed and therefore, reverses and dismisses the petition. The basis of the reversal is a finding, as a matter of law, that the disclaimer was untimely. It is with this finding that I disagree and would affirm the Supreme Court, based on my view that the disclaimer was timely as a matter of law.

The rule is that a carrier must give written notice of disclaimer of liability or denial of coverage as soon as is reasonably possible (Insurance Law § 3420 [d]). The statute requires "unreasonableness" as a standard for delay and therefore, there is no defined time period that constitutes an undue delay. The Court of Appeals in Allstate Ins. Co. v Gross (27 NY2d 263, 270), stated "Rather the question of unreasonableness becomes a question of fact, or if extreme, of law, depending upon the circumstances of the case which make it reasonable for the insurer to take more or less time to make, complete, and act diligently on its investigation of its coverage or breach of conditions in its policy".

In the case at bar, the accident for which coverage is sought occurred almost three years before it was reported. The carrier undertook to inquire from the insured why this stale claim was not reported earlier, sending two letters of inquiry, one within seven weeks after the report of the claim, and another less than four weeks later. Both letters were ignored by the insured until, on October 5, 1992, a police report was sent indicating that the insured vehicle was stolen. The disclaimer was sent about five weeks after what may be described as the trigger point. To hold as the majority holds ignores the realities of the situation, that is, the additional time required to investigate an accident which occurred almost three years before it was reported.

For these reasons I find that the delay in disclaiming was reasonable as a matter of law and having so found, I would affirm the Supreme Court's finding that the petition to stay arbitration was properly granted on the ground that the appellant failed to offer any explanation for not reporting the accident within 90 days.