■ PHILLIP WRAIGHT, Respondent, v EXCHANGE INSURANCE COMPANY, Appellant, et al., Defendant. (Appeal No. 1.) [652 NYS2d 458] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.

■ PHILLIP WRAIGHT, Respondent, v EXCHANGE INSURANCE COMPANY, Appellant, et al., Defendant. (Appeal No. 2.) [651 NYS2d 803] —Amended judgment unanimously affirmed without costs. Memorandum: In this action by plaintiff against defendant Exchange Insurance Company (Exchange) and another insurance carrier for a declaratory judgment, Exchange moved for summary judgment on the ground that its insured's delay

of almost 20 months in providing notice of the accident was unreasonable as a matter of law. Plaintiff cross-moved for summary judgment on the ground that the 41-day delay of Exchange in disclaiming coverage was unreasonable as a matter of law. Supreme Court denied the motion and granted the cross motion. We affirm, but for a different reason.

"An injured party has an independent right to provide written notice to an insurer and cannot be bound by an insured's late notice" (*Walters v Atkins,* 179 AD2d 1067, 1068). Provided that an "injured party has pursued his rights with as much diligence 'as was reasonably possible' the statute shifts the risk of the insured's delay to the compensated risk-taker" (*Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 568, *affd* 4 NY2d 1028).

Although the automobile accident occurred on May 4, 1992, plaintiff was unsuccessful in ascertaining whether there was insurance coverage for Robert A. DePerno, Jr. (DePerno), the underage, unlicensed driver of the automobile in which plaintiff was a passenger, until February 9, 1994, when Exchange's claim representative contacted Claude Joerg, plaintiff's lawyer. Plaintiff made reasonable efforts, including the hiring of a private investigator, to ascertain whether DePerno was covered by insurance. Because DePerno was unlicensed, a check of the records of the Department of Motor Vehicles would have been unavailing. In response to letters sent to DePerno and his father on August 27, 1992, Joerg was advised on September 3, 1992 by Patrick Wesp, the lawyer for DePerno and his family, that Wesp would attempt to find out what insurance carriers might be involved. On November 17, 1992, Wesp wrote to Joerg advising that there were insurance policies on two automobiles owned by DePerno's stepfather, but that neither policy listed DePerno as a licensed driver. Finally, on December 21, 1993, plaintiff commenced the underlying action. When Exchange's claim examiner contacted Joerg on February 5, 1994, Joerg immediately sent him copies of the police report and letters that had been sent to DePerno and his father. Bearing in mind that the notice required of an injured party is measured less rigidly than that required of an insured (*see, Children's Hosp. v Employers Reins. Corp.,* 84 AD2d 933), we conclude that plaintiff did all he reasonably could do to provide notice.

Further, a notice of disclaimer must " 'promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated' " (*United States Liab. Ins. Co. v Young,* 186 AD2d 644, 645, *lv denied* 81 NY2d

711). Here, Exchange disclaimed coverage based solely upon its insured's failure to provide timely notice. Exchange is therefore estopped from raising plaintiff's alleged untimely notice as a defense (*see, General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *see also, United States Liab. Ins. Co. v Young, supra,* at 645; *Fabian v MVAIC,* 111 AD2d 366; *Appell v Liberty Mut. Ins. Co.,* 22 AD2d 906, *affd* 17 NY2d 519). Further, Exchange did not assert as an affirmative defense in the underlying action that plaintiff had failed to give timely notice.

To the extent that the Second Department's decision in *Massachusetts Bay Ins. Co. v Flood* (128 AD2d 683, *lv denied* 70 NY2d 612) conflicts with our holding, we decline to follow it.

The amended judgment granting plaintiff's cross motion for summary judgment requiring Exchange to defend DePerno and to indemnify plaintiff in the underlying action and denying Exchange's motion is, therefore, affirmed. (Appeal from Amended Judgment of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.