■ In the Matter of BLUE RIDGE INSURANCE COMPANY, Respondent, v LEONA COOK, Appellant. [754 NYS2d 41] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplemental underinsured motorist benefits, the appeal is from an order of the Supreme Court, Orange County (Owen, J.), dated November 13, 2001, which granted the petition without a hearing.

Ordered that the order is modified by (1) deleting the provision thereof granting the petition to permanently stay arbitration on the ground that the insured failed to provide timely notice of her claim for supplemental underinsured motorist benefits, and substituting therefor a provision granting the pe-

tition to the extent of directing a hearing on the issue of whether the insured's notice of her claim for supplemental underinsured motorist benefits was timely, and (2) adding a provision thereto directing a hearing on the issue of whether the petitioner timely disclaimed coverage on the ground that the insured failed to give the petitioner timely notice of her claim for supplemental underinsured motorist benefits; as so modified, the order is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith.

The insured was injured in an automobile accident on October 8, 1999. On April 27, 2000, she retained an attorney, who gave the petitioner written notice on April 28, 2000, of a potential claim for supplemental underinsured motorist benefits. On October 27, 2000, the insured obtained the petitioner's consent to accept the policy limits of $25,000 for a single injury, from the tortfeasor's insurer. On August 15, 2001, the insured served a demand to arbitrate her claim for supplemental underinsured motorist benefits on the petitioner.

The petitioner commenced this proceeding for a permanent stay of arbitration, on the ground that the insured did not give timely notice of her claim for supplemental underinsured motorist benefits. As a condition precedent to coverage, the insurance policy required, "[w]ithin 90 days or as soon as practicable, the insured or other person making claim [to] give [the petitioner] written notice of claim under this UM endorsement." The Supreme Court granted the petition, without conducting a hearing, apparently determining that the first notice the insured gave the petitioner of her claim was when she served her demand to arbitrate.

However, the insured's attorney gave the petitioner written notice of her potential claim for supplemental underinsured motorist benefits on April 28, 2000. Accordingly, we remit the matter to the Supreme Court, Orange County, for a hearing to determine whether the insured's April 28, 2000, notice was given "with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 495). In making this determination, the court should consider the nature and seriousness of the insured's injuries, the extent of the tortfeasor's coverage, and when the insured was reasonably capable of ascertaining this information, using due diligence (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra; Matter of Nationwide Mut. Ins. Co. v DiGregorio,* 294 AD2d 579).

Although the insured raised the argument that the petitioner failed to issue a timely disclaimer for the first time on appeal, in the exercise of our interest of justice jurisdiction, we direct that the hearing to be held to encompass that issue as well. An insurance carrier may not disclaim liability if it fails to give the insured timely notice of the disclaimer, as soon as reasonably possible after it learns of the grounds for the disclaimer, even where the insured has, in the first instance, failed to give timely notice of the claim (*see Ward v Corbally, Gartland & Rappleyea*, 207 AD2d 342; *Kramer v Interboro Mut. Indem. Ins. Co.*, 176 AD2d 308). It appears that the petitioner, despite knowledge of the insured's claim, never issued a disclaimer on the ground that she failed to give timely notice of her claim until it sought a permanent stay of arbitration. Ritter, J.P., Luciano, Cozier and Rivera, JJ., concur.