REALM NATIONAL INSURANCE COMPANY, Appellant, v HERMITAGE INSURANCE COMPANY, Respondent. [778 NYS2d 492]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about October 15, 2003, which, in this

action seeking declaratory relief, inter alia, granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to declare in defendant's favor that it is not obligated to defend, indemnify, or otherwise reimburse plaintiff in connection with the underlying personal injury action, and otherwise affirmed, with costs in favor of defendant, payable by plaintiff.

Plaintiff workers' compensation carrier sues to compel defendant general liability carrier to contribute to the defense and indemnification of the parties' insured in an underlying third-party action, in which common-law and contractual indemnification is sought from the insured for liability incurred to the insured's employee by reason of personal injuries sustained by the employee in the course of his employment. The subject general liability policy issued by defendant, however, specifically excludes both coverage for bodily injury to an employee of the insured arising out of or in the course of employment, and coverage for "any obligation [of the insured] to share damages with or repay someone else who must pay damages because of the [employee's] injury" (*see Monteleone v Crow Constr. Co.*, 242 AD2d 135, 138 [1998], *lv denied* 92 NY2d 818 [1998]; *North Star Reins. Corp. v Continental Ins. Co.*, 185 AD2d 187 [1992], *affd* 82 NY2d 281 [1993]). Contrary to plaintiff's argument, defendant's disclaimer was not untimely pursuant to Insurance Law § 3420 (d), nor did defendant otherwise waive reliance upon the applicable exclusionary language. The original disclaimer letter, which clearly cited the relied upon exclusion, promptly apprised the claimant with a high degree of specificity of the grounds upon which the disclaimer was predicated (*cf. Matter of Aetna Cas. & Sur. Co. v Rodriguez*, 115 AD2d 418 [1985]). The disclaimer was not rendered ineffective by defendant's quotation of only part of the relevant exclusion, especially since the claim of ineffectiveness is being raised not by the insured but by a coinsurer seeking contribution (*see Tops Mkts. v Maryland Cas.*, 267 AD2d 999, 1000 [1999]).

We modify only to declare in defendant's favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Concur—Mazzarelli, J.P., Andrias, Sullivan, Lerner and Gonzalez, JJ.