James GARAY and Michelle Garay,
Plaintiffs–Counter–Defendants–
Appellants,

v.

NATIONAL GRANGE MUTUAL
INSURANCE CO., Defendant–
Counter–Claimant–Appellee.

No. 04–0453–CV.

United States Court of Appeals,
Second Circuit.

Nov. 18, 2004.

Robert W. Folchetti, Klein & Folchetti, White Plains, N.Y., for Appellants.

Colin E. Kaufman, Greenhill Partners, P.C., New York, N.Y., for Appellee.

Present: WINTER, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants James and Michelle Garay appeal from an award of summary judgment in favor of Defendant–Appellant National Grange Mutual Insurance Company ("National Grange"). Plaintiffs sued National Grange pursuant to New York State Insurance Law § 3420 (McKinney 2000) to compel payment of an unsatisfied default judgment entered in New York State court against defendant's insured, Riina Girardi Contracting Corp. ("Riina Girardi"), for work injuries sustained by Mr. Garay on February 28, 1998, at a construction site operated by Riina Girardi. National Grange had disclaimed coverage on the ground of untimely notice, not having been advised of Mr. Garay's accident until November 16, 2000, when Riina Girardi forwarded a copy of Garay's state-court summons and complaint to its carrier. We assume familiarity with the record and proceedings before the district

court. We review the challenged judgment *de novo. See Webster ex rel. Webster v. Mount Vernon Fire Ins. Co.,* 368 F.3d 209, 214 (2d Cir.2004).

## A. Disclaimer of the Commercial Liability Policy

### 1. Notice to the Insurer

■ The Garays assert that National Grange's disclaimer against its insured for untimely notice was insufficient to disclaim against them as injured claimants. We disagree. Although New York Insurance Law § 3420 provides an injured party with the statutory right to fulfill an insurance policy's notice obligation directly instead of relying on the insured to provide timely notice, the "injured party has the burden of proving that he or she, or counsel acted diligently in attempting to ascertain the identity of the insurer and, thereafter, expeditiously notified the insurer." *American Home Assur. Co. v. State Farm Mutual Auto. Ins. Co.,* 277 A.D.2d 409, 410, 717 N.Y.S.2d 224, 225 (2d Dep't 2000). The Garays cannot satisfy this burden for the simple reason that they never gave notice to National Grange. Service of their summons and complaint on the insured, Riina Girardi, does not qualify as notice to the insurer under New York law. *See Matter of First Cent. Ins. Co.,* 3 A.D.3d 494, 495, 771 N.Y.S.2d 141, 142 (2d Dep't 2004) (notice to insurance broker or other agent of the insured is not sufficient to constitute

notice on the insurer); *Agway Ins. v. Alvarez,* 258 A.D.2d 487, 488, 684 N.Y.S.2d 635, 636 (2d Dep't 1999) (finding no independent notice to the insurer where the injured claimant merely served the complaint on the insured). *GA Insurance Co. of New York v. Simmes,* 270 A.D.2d 664, 666, 704 N.Y.S.2d 700, 702 (3d Dep't 2000), relied on by plaintiffs, is not to the contrary, as the claimant in that case sent his pleadings directly to the insurance company not simply to the insured. Where, as here, the injured party has not actually exercised his right to provide independent notice under the statute, the insurer's disclaimer of coverage on the basis of the insured's late notice is effective against the injured party as well. *See Webster v. Mount Vernon Fire,* 368 F.3d at 217; *Viggiano v. Encompass Ins. Co./Fireman's Ins. Co. of Newark, New Jersey,* 6 A.D.3d 695, 775 N.Y.S.2d 533, 534 (2d Dep't 2004).[1]

### 2. The Adequacy of National Grange's Disclaimer

The Garays contend that National Grange's disclaimer was ineffective even against its insured because (1) it disclaimed only with respect to untimely notice of "claim," not untimely notice of "occurrence"; and (2) the event relied on by National Grange (a conversation between James Garay and John Riina) did not qual-

---

**1.** Garay faults the district court for citing approvingly to Second Department rulings holding an injured claimant's notice to be superfluous if it arrives after notice by the insured, *see Massachusetts Bay Ins. Co. v. Flood,* 128 A.D.2d 683, 513 N.Y.S.2d 182 (2d Dep't 1987); *Ringel v. Blue Ridge Ins. Co.,* 293 A.D.2d 460, 740 N.Y.S.2d 109 (2d Dep't 2002), without acknowledging contrary precedent from the Fourth Department, *see Wraight v. Exch. Ins. Co.,* 234 A.D.2d 916, 917–18, 651 N.Y.S.2d 803, 805 (4th Dep't 1996); *Walters v. Atkins,* 179 A.D.2d 1067, 1068, 579

N.Y.S.2d 525, 527 (4th Dep't 1992). In fact, the Fourth Department agrees with the Second on the point here at issue: when an injured claimant has not provided *any* notice, the insurance company is under no obligation separately to disclaim with respect to the injured claimant's failure to provide timely notice. *See Potter v. N. Country Ins. Co.,* 8 A.D.3d 1002, 1004, 778 N.Y.S.2d 805, 806 (4th Dep't 2004); *Dryden Mut. Ins. Co. v. Brockman,* 259 A.D.2d 947, 948, 687 N.Y.S.2d 504, 506 (4th Dep't 1999).

ify as a claim. The argument is unconvincing as a matter of law.

(a) *Disclaimer as to both the "Occurrence" and the "Claim"*

■ Under its insurance policy with National Grange, Riina Girardi owed separate and distinct duties to give timely notice of an insured occurrence and timely notice of an insured claim. *American Ins. Co. v. Fairchild Indus., Inc.*, 56 F.3d 435, 438 (2d Cir.1995). In disclaiming coverage, National Grange specifically referenced these dual requirements and reminded its insured of previous communication in which it reserved its rights "while we investigated the delay in reporting this accident to us." Disclaimer Letter, Dec. 8, 2000. It noted Riina Girardi's failure to "report [Garay's] accident to us as soon as you learned the claimant intended to pursue a claim against you," delaying notice until "served with a Summons and Complaint." *Id.*

We conclude that this letter was sufficiently specific to put Riina Girardi on notice that National Grange disclaimed coverage for its insured's failure timely to report both the occurrence (i.e., "the accident") and the claim as required by the policy. *See New York v. AMRO Realty Corp.*, 936 F.2d 1420, 1431 (2d Cir.1991); *Realm Nat. Ins. Co. v. Hermitage Ins. Co.*, 8 A.D.3d 110, 111, 778 N.Y.S.2d 492, 493 (1st Dep't 2004).

(b) *Riina Girardi's Awareness of a Possible Claim*

■ Riina Girardi was obliged to give National Grange notice to its insured when "the circumstances known to [it] at that time would have suggested to a reasonable person the possibility of a claim." *Sparacino v. Pawtucket Mut. Ins. Co.*, 50 F.3d 141, 143 (2d Cir.1995); *see Commercial Union Ins. Co. v. Int'l Flavors & Fra*

*grances, Inc.*, 822 F.2d 267, 272 (2d Cir. 1987). John Riina, a principal of Riina Girardi, has acknowledged that, about "three months" before the insured gave National Grange notice of Garay's accident, Garay had told Riina that he intended to "go[ ] after" Riina Girardi "for an injury." Recorded Statement of John Riina, Nov. 29, 2000; *see also* Riina Deposition at 15–16.

Although James Garay attempts to re-characterize his conversation with Riina, his intentions and understandings are of no import. The only relevant inquiry with respect to an insured's notice obligation is the insured's understanding, i.e., whether he understood or should have understood that the injured party had sustained a compensable injury or intended to pursue a claim. Because the Garays stand in Riina's shoes for purposes of satisfying the policy's notice requirement (having failed to give notice to the insurer themselves), *see D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 665, 563 N.Y.S.2d 24, 27, 564 N.E.2d 634 (1990), they are bound by Riina's own admissions, which clearly demonstrate that he knew a claim by Garay was a distinct possibility, yet failed to notify the insurer. Such an omission supports National Grange's disclaimer against Riina Girardi, and, derivatively, against the Garays as well.

3. *Prejudice to the Insurer*

■ The Garays submit that National Grange can only disclaim coverage if it demonstrates that it was prejudiced by the late notice. This argument is contrary to well-established New York law: "noncompliance with the notice provision of an insurance policy will vitiate the contract *regardless of whether the insurer[ ] suffered any prejudice as a result of the delay.*" *Reynolds Metal Co. v. Aetna Cas. & Sur. Co.*, 259 A.D.2d 195, 204–05, 696

N.Y.S.2d 563, 570 (3d Dep't 1999) (internal punctuation omitted, emphasis in original); *see also Green Door Realty Corp. v. TIG Ins. Co.*, 329 F.3d 282, 287 (2d Cir.2003); *Security Mut. Ins. Co. v. Acker–Fitzsimons Corp.*, 31 N.Y.2d 436, 440, 340 N.Y.S.2d 902, 905, 293 N.E.2d 76 (1972). Appellant's reliance on a footnote in *In re Brandon*, 97 N.Y.2d 491, 496, n. 3, 743 N.Y.S.2d 53, 56, n. 3, 769 N.E.2d 810 (2002), is misplaced. While the propriety of expanding New York's no-prejudice rule has been questioned, *see id.; Varrichio and Assocs. v. Chicago Ins. Co.*, 312 F.3d 544, 548–49 (2d Cir.2002), it remains the law of this state, *see American Tran. Ins. Co. v. Sartor*, 3 N.Y.3d 71, 76–78, 781 N.Y.S.2d 630, 633–34, 814 N.E.2d 1189 (2004).

For all these reasons, we conclude that plaintiffs cannot recover against National Grange on Riina Girardi's primary insurance policy.

### B. *Disclaimer of the Supplemental Umbrella Policy*

█ It is uncontested that National Grange did not specifically disclaim coverage with respect to the supplemental Umbrella Policy until filing its answer in the instant lawsuit on March 10, 2003, a delay of more than 27 months from its receipt of the complaint. Absent a cognizable excuse, this delay is unreasonable as a matter of law and precludes the insurer from relying on its disclaimer. *See Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (1979); *Prudential Prop. & Cas. Ins. v. Persaud*, 256 A.D.2d 502, 682 N.Y.S.2d 412 (2d Dep't 1998).

National Grange submits that no specific disclaimer was required because the supplemental policy came into effect only upon exhaustion of the underlying policy. The language of the policy does not support this argument. It provides that National Grange "will indemnify the insured for ultimate net loss in excess of the retained limit because of bodily injury or property damage to which this insurance applies." Umbrella Policy § I.A.[1]a. Retained limit is defined to include "[t]he sum of amounts applicable to any claim or suit from: (1) Underlying insurance, *whether such underlying insurance is collectible or not;* and (2) Other collectible primary insurance." *Id.* at § VI.[17]a. (emphasis added). The highlighted language suggests that even if the underlying insurance is rendered uncollectible by the insured's noncompliance with notice requirements of the primary policy, the Umbrella Policy would still cover any amount in excess of the policy limit of the underlying insurance.

National Grange's reliance on the section of the contract entitled "Maintenance of Underlying Insurance" is unavailing. That section states that the insured "must keep the underlying insurance ... in full force and effect during the policy period of this policy," *id.* at § V.[9]a.; it does not require the insured to satisfy the collection requirements of an effective policy in order to recover on the Umbrella Policy. Indeed, the Umbrella Policy expressly recognizes that failure to comply with the insurance maintenance requirement *"will not invalidate this policy*, but in the event of such failure, we shall be liable under this policy only to the extent that we would have been liable had you complied with these obligations." *Id.* at § V.[9]c. (emphasis added). In other words, excess coverage will be available—but only for the amount of any claim in excess of $1 million (the primary policy limit)—even if the underlying insurance is vitiated. Thus, we reject National Grange's argument that Riina Girardi's late notice on the primary

policy absolves it from providing any coverage at all under the Umbrella Policy.

■ National Grange's alternative argument, that its failure to disclaim coverage under the Umbrella Policy should be excused because no reasonable insurer could have expected a simple broken ankle to result in a judgment exceeding $1 million, is also unconvincing. The receipt of a complaint seeking damages in excess of $5 million—more than five times the policy limit—should have prompted at least a reasonable inquiry into the substance of the complaint and an assessment of the actual potential liability. *See Marino v. New York Tel. Co.,* No. 88 CV 5817, 1992 WL 212184, at \*13 (S.D.N.Y. Aug.24, 1992). In any event, National Grange was on clear notice that the supplemental policy was at issue when it was served with the proposed judgment in the amount of $1,600,163.09 on September 12, 2001, and the entered judgment in the same amount on November 2, 2001. National Grange's failure to disclaim coverage for 16 months after receipt of this judgment is unreasonable as a matter of law. *See Blue Ridge Ins. Co. v. Cook,* 301 A.D.2d 598, 600, 754 N.Y.S.2d 41, 43 (2d Dep't 2003); *Firemen's Fund Ins. Co. of Newark v. Hopkins,* 209 A.D.2d 518, 619 N.Y.S.2d 287 (2d Dep't 1994).

C. *Conclusion*

In sum, because the Garays did not exercise their right under New York Insurance Law § 3420 to provide independent notice to the insurer, National Grange issued a timely and valid disclaimer based on the untimely notice of its insured, Riina Girardi. Accordingly, we AFFIRM the district court's decision granting summary judgment on the Garays' claim under the Commercial Liability Policy. However, because National Grange did not issue a timely disclaimer with respect to the sup-

plemental Umbrella Policy, we VACATE the district court's decision granting summary judgment on this point and remand for further proceedings consistent with this opinion. We specifically do not reach the balance of National Grange's arguments in support of its motion for summary judgment because the district court reserved decision on these challenges and they have not been briefed on appeal. The district court may consider these arguments on remand.