13-216-cv
*Atlantic Casualty Insurance Co. v. Coffey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand thirteen.

PRESENT:    DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
                        Circuit Judges.
_____

ATLANTIC CASUALTY INSURANCE COMPANY,

                *Plaintiff-Counter-Defendant-Appellee*,

    -v-                                              No. 13-216-cv

THEODORE J. COFFEY, DBA TJ COFFEY'S,

                *Defendant-Counter-Claimant-Appellant*,

JAMES M. BURKE, RICHARD FULLER,

                *Defendants*.
_____

                        MICHAEL PILARZ, Pilarz Law Firm, Buffalo, NY, *for Defendant-Counter-Claimant-Appellant*.

                        DANIEL W. GERBER (Carrie P. Appler, *on the brief*), Goldberg Segalla LLP, Buffalo, NY, *for Plaintiff-Counter-Defendant-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered January 3, 2013, is **AFFIRMED**.

Defendant-Counter-Claimant-Appellant Theodore J. Coffey ("Coffey") appeals from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*), entered January 3, 2013. The district court granted a motion for summary judgment by Plaintiff-Counter-Defendant-Appellee Atlantic Casualty Insurance Co. ("Atlantic") in an action for a declaratory judgment that Atlantic was not obligated to defend or indemnify Coffey in a lawsuit in the Supreme Court of the State of New York, Erie County (the "underlying action"). The court also denied Coffey's motion for summary judgment on his counterclaim seeking to establish his claim to defense and indemnity by Atlantic in the underlying action. We assume the parties' familiarity with the facts of the case and the issues presented for appellate review.

Coffey argues that the district court erred in its determination that Atlantic was entitled to summary judgment and claims that he is entitled to reformation of the insurance contract to the language of the original 2006 policy, both on grounds of fraud under *Hay v. Star Fire Insurance Co.*, 77 N.Y. 235 (1879), and under New York Insurance Law § 3426(e). Coffey contends that Atlantic violated Insurance Law § 3420(d) because its disclaimer letters referred to a later version of the assault and battery exclusion rather than the one included in the 2006 contract. Accordingly, he states, Atlantic waived its ability to rely on the exclusion.

We conclude that Coffey's arguments lack merit. Even if we assume that Atlantic did alter Coffey's insurance policy without proper notice, Coffey's claims still fail because – as Coffey all but admits in his papers – the original assault and battery exclusion excludes coverage for this claim. Thus, we need not decide whether the alterations to the 2006 policy extend the scope of the

2

exclusion and whether Atlantic committed fraud by improperly amending the contract without notice to Coffey.

Paragraph 1(a) of the original policy's "Assault and/or Battery" exclusion states:

> 1. This insurance does not apply to and we have no duty to defend any claims or "suits"
>    for "bodily injury" . . . arising in whole or in part out of:
>    a) the actual or threatened assault or battery whether caused by or at the instigation
>       or direction of any insured, his employees, patrons or any other person . . . .

This language clearly covers the assault in the underlying action here. Under New York law, a cause of action that would not have arisen but for an assault is barred by an applicable assault and battery exclusion. *Mount Vernon Fire Ins. Co. v. Creative Hous. Ltd.*, 668 N.E.2d 404, 405-07 (N.Y. 1996) (holding that an assault and battery exclusion precluded coverage for a suit for negligent management and supervision of an apartment building stemming from an assault committed by a third party who was not an employee of the insured); *see also Mark McNichol Enters. v. First Fin. Ins. Co.*, 726 N.Y.S.2d 828, 828-29 (App. Div. 4th Dep't 2001) (judgment granted to insurance company based on assault and battery exclusion in case stemming from bar fight brought against tavern).

Paragraph 1(a) appeared without material change in all five versions of the insurance contract. Irrespective of whether the version of the exclusion applicable to this dispute is that of the original policy or that of the 2010 version, coverage of the underlying action is precluded by the assault and battery exclusion. Consequently, the reformation of the 2010 policy to the 2006 version that Coffey seeks would still not provide him with grounds to recover.

Coffey asserts that Atlantic has waived any reliance on the 2006 version of the exclusion because, under New York law, an insurer must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other

3

claimant." N.Y. Ins. Law § 3420(d)(2). Such notice "must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated," *Gen. Accident Ins. Grp. v. Cirucci*, 387 N.E.2d 223, 225 (N.Y. 1979), or the insurer will waive its right to rely on that ground for excluding coverage, *see, e.g.*, *Estee Lauder Inc. v. OneBeacon Ins. Grp., LLC*, 873 N.Y.S.2d 592, 594-95 (App. Div. 1st Dep't 2009).

But § 3420(d)(2) of the Insurance Law is intended to ensure clear notice to insured parties of the precise exclusion that the insurer invokes. *See Gen. Accident Ins. Grp.*, 387 N.E.2d at 225 ("Absent such specific notice, a claimant might have difficulty assessing whether the insurer will be able to disclaim successfully. This uncertainty could prejudice the claimant's ability to ultimately obtain recovery."). Accordingly, even where disclaimer letters have misquoted or partially omitted the language of an exclusion in a policy, New York courts have held that the disclaimer remains valid as long as it "identified the applicable policy exclusion and set forth the factual basis for the insurer's position that the claim fell within a policy exclusion with sufficient specificity to satisfy the statutory mandate and purpose." *Adams v. Perry's Place*, 564 N.Y.S.2d 1019, 1019 (App. Div. 4th Dep't 1990) (disclaimer misquoted language); *see also Realm Nat'l Ins. Co. v. Hermitage Ins. Co.*, 778 N.Y.S.2d 492, 493 (App. Div. 1st Dep't 2004) (disclaimer omitted language).

Here, Atlantic clearly invoked the assault and battery exclusion in its letters disclaiming liability. The letters gave Coffey sufficient notice of the particular language on which Atlantic relied in its determination that coverage was excluded, as well as its rationale: that paragraph 1(a) of the exclusion eliminated coverage for the underlying action. Because that language remained unchanged since the original policy, and because either the original policy or the 2010 version would rule out coverage, Atlantic was entitled to judgment.

4

Coffey also claims that the doctrine of unclean hands should bar Atlantic from the equitable remedy of declaratory judgment. Under New York law, the doctrine of unclean hands bars the grant of equitable relief where the defendant proves: "(1) that the plaintiff is guilty of immoral, unconscionable conduct directly related to the subject matter in litigation; (2) that the conduct was relied upon by the defendant; and (3) that the defendant was injured thereby." *Lia v. Saporito*, 909 F. Supp. 2d 149, 174 (E.D.N.Y. 2012); *see also PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488, 493 (2d Cir. 2004); *Wells Fargo Bank v. Hodge*, 939 N.Y.S.2d 98, 100 (App. Div. 2d Dep't 2012) (citing *Weiss v. Mayflower Doughnut Corp.*, 135 N.E.2d 208, 210 (N.Y. 1956)). Once again assuming that Atlantic materially altered the contract without notification, Coffey nonetheless cannot show that he was injured by Atlantic's conduct as is relevant to his claim here. The changes to the exclusion did not materially alter the scope of coverage of the underlying action, and Coffey's invocation of the unclean hands doctrine is therefore unavailing.

Because both the original policy and the policy in effect at the time of the assault exclude coverage of the underlying action, Coffey cannot prevail. We have considered all of Defendant-Counter-Claimant-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5