■ G.L.G. CONTRACTING CORPORATION, Respondent, v AETNA CASUALTY AND SURETY COMPANY, Appellant. [626 NYS2d 307] —White, J. Appeal from an order of the Supreme Court (Spain, J.), entered April 11, 1994 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

On June 8, 1988, James Hanson, an employee of Canaan Electric, was injured when he fell from a ladder while working at a construction site at which plaintiff was the general contractor. Although plaintiff was immediately aware of the accident, it did not notify defendant, its liability insurer. Subsequently, on May 21, 1991, Hanson commenced a personal injury action against plaintiff predicated upon Labor Law §§ 200, 240 and 241 (6). Two days later plaintiff notified defendant, which promptly disclaimed coverage on the ground that plaintiff failed to notify it of Hanson's accident "as soon as practical" as required by the terms of its policy.

Plaintiff responded by commencing this action seeking a judgment declaring, *inter alia,* that it gave timely notice to defendant. Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion prompting this appeal by defendant.

The requirement that an insured notify its liability carrier of a potential claim "as soon as practical" operates as a condition precedent to coverage *(see, White v City of New York,* 81 NY2d 955, 957). An insured's failure to give timely notice will be excused, however, if it can show that it had a reasonable belief in nonliability provided that notice of the occurrence was given "as soon as practical" after the insured received notice that a claim would, in fact, be made *(see, D'Aloia v Travelers Ins. Co.,* 85 NY2d 825; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441).

In *Briggs v Nationwide Mut. Ins. Co.* (176 AD2d 1113), we excused noncompliance with a notice provision where the injuries sustained by the injured party were minor and the insured had no indication that a claim would be made against him until 2½ years later when a personal injury action was commenced. Likewise, an untimely notice was excused where

the injured party's parents declined the insured's offer to pay medical expenses and indicated no intention to sue *(see, D'Al-oia v Travelers Ins. Co., supra)*. In the case of *Triantafillou v Colonial Coop. Ins. Co.* (178 AD2d 925), even though the insured was immediately aware of an accident in which the injured party fell from a scaffold, summary judgment for the insurer was denied where it was shown that the injured party had erected the scaffold unaided by the insureds and the insureds may have been unaware of the strict liability provisions of the Labor Law.

Here, plaintiff's president and sole owner, David Rivenburgh, maintains that he believed plaintiff would not be subject to liability because he thought Hanson would be covered under Canaan Electric's workers' compensation policy since the ladder from which Hanson fell was owned and provided by Canaan Electric. In addition, Rivenburgh contends that at the time Hanson fell, he was not performing work pursuant to the subcontract between plaintiff and Canaan Electric but was doing extra work under a separate contract between Canaan Electric and the tenant of the building where the accident occurred. Rivenburgh also maintains that since plaintiff was never sued he was unaware of the strict liability provisions of the Labor Law, and that he had no indication that Hanson would sue since Hanson's father had told him on several occasions that his son was doing fine and Hanson's mother had written a letter to Rivenburgh's son-in-law thanking him for saving her son's life.

Defendant argues that plaintiff's belief in nonliability is unreasonable as a matter of law, pointing out that Rivenburgh was the owner of the premises where Hanson's accident took place and has been a general contractor since 1971. Additionally, Rivenburgh is a licensed insurance broker and, since 1967, a co-owner of an insurance agency that sells all types of insurance including commercial and general liability policies. Given this background, defendant contends that Rivenburgh should have been aware of plaintiff's potential liability to Hanson as soon as the accident occurred.

In view of the evidence presented indicating that Hanson was working on a job with which plaintiff had no connection and that Rivenburgh was unaware of the strict liability provisions of the Labor Law or Hanson's intention to seek legal redress, this case is governed by the general rule that the reasonableness of an insured's belief of nonliability is ordinarily an issue of fact and not one of law *(see, E.T. Nutrition v*

*Central Mut. Ins. Co.,* 201 AD2d 451; *Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500, 503). While defendant argues, in essence, that plaintiff's purported belief of nonliability is not credible, we note that credibility issues are reserved for the trier of fact to resolve *(see, Guadagno v Colonial Coop. Ins. Co.,* 145 AD2d 804, 806). Thus, we affirm.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.