■ GA Insurance Company of New York, Appellant, v Diane Simmes, Doing Business as Painter Contracting, Defendant, and Susan Sheldon, as Personal Representative of Melanie R. Cary, Deceased, Respondent. [704 NYS2d 700] —Spain, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered September 10, 1998 in Washington County, which denied plaintiff's motion for summary judgment.

In the fall of 1995, defendant Diane Simmes, doing business as Painter Contracting, was awarded a subcontract by Murnane Building Contractors, Inc. for a painting project at Great Meadow Correctional Facility in Washington County. Plaintiff issued Simmes an insurance policy for the period November 1995 to November 1996, which was canceled effective March 31, 1996 for nonpayment of premiums.

In August 1996 Murnane informed Simmes that they both were being sued by defendant Melanie R. Cary,[1] a correction officer at Great Meadow, for injuries allegedly caused by her exposure to solvent or paint fumes on or about January 13, 1996. Simmes, believing that she had no insurance, did not notify plaintiff of this information. It appears that in January

---

1. On November 4, 1998, Cary was killed in an auto accident and her sister, who is also her executor, was thereafter appointed as her personal representative in this action. For simplicity, Cary will be referred to as the named defendant.

1997 Simmes received a letter from Cary's attorney advising Simmes of the claim and requesting that she forward the letter to her insurance carrier; Simmes again failed to notify plaintiff.[2] Plaintiff's records reflect that on March 10, 1997 Murnane's insurer informed Cary's attorney that plaintiff was Simmes' carrier. Cary's attorney commenced an action against Simmes and, although Simmes received a summons and complaint on May 6, 1997, she never forwarded the papers to plaintiff. In early July 1997 Cary's attorney forwarded copies of the pleadings to plaintiff.

In October 1997 plaintiff commenced this action against Simmes and Cary seeking a declaration that it had no obligation to defend or indemnify Simmes pursuant to the insurance policy. Simmes failed to timely answer. Plaintiff moved for a default judgment against Simmes and for summary judgment against Simmes and Cary declaring that it owed no duty to indemnify or defend Simmes in Cary's underlying action. Supreme Court initially granted plaintiff a default judgment against Simmes and summary judgment against both Simmes and Cary. Upon reargument, the court amended its prior order and denied that portion of plaintiff's summary judgment motion as it related to Cary, finding that Cary, as the injured party, had "provided sufficient notice to [plaintiff]." The amended order did not disturb the default judgment entered in favor of plaintiff awarding it summary judgment against Simmes. Plaintiff now essentially appeals the denial of its summary judgment motion as against Cary.

First, Supreme Court properly granted Cary's motion to reargue the summary judgment motion based, as it was, upon the letter from Cary's attorney pointing out that his affidavit was not listed among the papers considered by the court in making its initial decision. Although pretrial motions are generally made in writing, a court may entertain an oral motion when the parties are before it and where it appears that no prejudice would result from an informal procedure (see, Siegel, NY Prac § 243, at 390-391 [3d ed]). The court held a conference at which all parties were represented and oral argument was heard, following which the court issued its amended order. Under these circumstances there was no prejudice to plaintiff.

---

**2.** Simmes made a statement in July 1997 in which she stated that she received a letter in September 1996 seeking insurance company information from Cary's attorneys. However, in an affidavit dated May 22, 1998 Simmes retracted that portion of her 1997 statement and stated that the letter did not come in September 1996 but, rather, in January 1997. Cary's attorney asserts that the only letter sent was sent in January 1997.

Next, we reject plaintiff's contention that Cary's notice to it was untimely as a matter of law; however, we also disagree with Supreme Court's implicit finding in its amended order that Cary's notice was timely as a matter of law, finding that a triable question of fact has been raised on this issue. Insurance Law § 3420 (a) (4) states that all insurance policies written in New York which provide the kind of coverage plaintiff afforded to Simmes must include the following: "A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured *or by any other claimant* if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible" (emphasis supplied).

This statute, like its predecessor, created "an independent right in the injured party to give notice of the accident * * * [and,] where the injured person proceeds diligently in ascertaining coverage and in giving notice, he is not vicariously charged with any delay by the assured" (*Jenkins v Burgos*, 99 AD2d 217, 221). Significantly, the notice required of an injured party to an insurer is measured less rigidly than the notice required of an insured. "In evaluating the propriety of notice given by the injured party, it has been clearly established that such notice is not to be judged by the same standards, in terms of time, as govern notice by the insured, since what is reasonably possible for the insured may not be reasonably practical for the injured person" (*id.*, at 221; *see, Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, 568, *affd* 4 NY2d 1028; *see also, Wraight v Exchange Ins. Co.*, 234 AD2d 916, 917, *lv denied* 89 NY2d 813; *Elmuccio v Allstate Ins. Co.*, 149 AD2d 653; *National Grange Mut. Ins. Co. v Diaz*, 111 AD2d 700). Indeed, "[t]he passage of time does not of itself make delay unreasonable. Promptness is relative and measured by circumstance" (*Lauritano v American Fid. Fire Ins. Co., supra*, at 568).

Here, Simmes' failure to provide plaintiff with notice in a timely fashion does not preclude Cary's claim. Rather, the several unresolved factual inconsistencies raised by the parties' proof created a material question of fact with respect to the sufficiency of Cary's notice to plaintiff.[3] Exactly when Cary's at-

---

**3.** Insurance Law § 3420 (a) (3) requires that all insurance policies written in New York which provide the kind of coverage plaintiff afforded to Simmes must also state that notice by or on behalf of an injured party shall be in writing. It is undisputed that the first written notice to plaintiff by Cary occurred in early July 1997 when plaintiff received a copy of the pleadings.

torney became aware that plaintiff was Simmes' insurer or—with more diligence—should have known of plaintiff's status and whether Cary's attorney gave notice to plaintiff as soon as was reasonably proper under the circumstances (*see,* Insurance Law § 3420 [a] [4]) raise issues of fact which preclude a finding, as a matter of law, that Cary's notice to plaintiff was or was not timely (*see, James v Allstate Ins. Co.,* 177 AD2d 998; *National Grange Mut. Ins. Co. v Diaz, supra; cf., Todd v Bankers Life & Cas. Co.,* 135 AD2d 1066; *Koretnicki v Firemen's Ins. Co.,* 109 AD2d 993).

Finally, inasmuch as the order appealed from was amended only as to the summary judgment earlier granted against Cary (i.e., it merely denied summary judgment as against Cary), it left intact that portion of the initial order granting plaintiff a default judgment against Simmes. It also left intact that portion of the initial order which determined that plaintiff had no duty to defend Simmes. It should be noted, however, that the judgment against Simmes does not relieve plaintiff from any obligation that plaintiff might have to indemnify Simmes in the underlying action by Cary (*see, Robbins v Michigan Millers Mut. Ins. Co.,* 236 AD2d 769, 770).

Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

