■ RENA MOREHOUSE, as Administrator of the Estate of STEPHANIE C. PARENT, Deceased, Respondent, v MICHAEL O. LAGAS, Defendant, and SCOTT W. BAUBERGER, Defendant and Third-Party Plaintiff-Respondent. EXCELSIOR INSURANCE COMPANY, Third-Party Defendant-Appellant. (And Another Related Action.) [712 NYS2d 646] —Peters, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered May 27, 1999 in Warren County, which, *inter alia,* denied third-party defendant's cross motion for summary judgment on its counterclaim, and (2) from an order of said court, entered October 8, 1999 in Warren County, which denied third-party defendant's motion for reconsideration.

On October 14, 1994, Stephanie C. Parent (hereinafter decedent) was killed when she was involved, as a pedestrian,

in an automobile accident in the Village of Lake George, Warren County. An automobile driven by defendant Michael O. Lagas struck decedent and it is alleged that shortly after the impact, she was struck again by a pick-up truck operated by defendant Scott W. Bauberger (hereinafter defendant).

Defendant contends that he was traveling at a lawful speed northbound on US Route 9 at approximately 9:00 P.M. when he noticed a white object, approximately the size of a shopping bag, in the roadway which caused him to swerve. Unsuccessful in avoiding it, he felt a small "thump" as he drove past. Proceeding up the road to the north, he quickly returned, believing that the bag contained glass bottles that should be removed from the roadway. Upon his return to the general area, he noticed a crowd of people whereupon he encountered a man who advised him that a girl had just been hit by a car. According to defendant, the only thing he noticed in the roadway at that time were white sneakers. Believing that the sneakers and this accident were south of where he had felt the "thump", he left shortly thereafter. Lagas, however, remained at the accident scene and was ultimately arrested for driving while intoxicated. Defendant returned home by an alternate route, detailing that upon his arrival, he simply ate dinner and remained there throughout the evening with his wife.

The Sheriff's Department investigated the accident. Approximately three days after the accident, Investigator K.B. French observed defendant's pick-up truck in the parking lot of a local hardware store. When defendant's vehicle matched the description of the second vehicle alleged to be involved in the accident, defendant was asked if he would bring his truck to the Department of Public Works later that day. Thereafter, in compliance with that request, he brought his truck to the designated area and consented to an inspection. Advised by a Deputy of the possibility that his vehicle was involved in the fatal accident, he observed his truck being placed on a lift and samples being taken from its undercarriage and front bumper for laboratory analysis. He thereafter went with a Deputy to discuss the accident as well as the possibility that his vehicle may have struck decedent. Before agreeing to give a sworn statement, defendant was read his *Miranda* rights. In such statement, defendant indicated that he did not think that the thump he felt when he struck the object was big enough to have been a body and instead believed that he may have hit a sneaker or something else white in color which was lying in the road. Defendant questioned whether he was being accused of hitting decedent and requested that he be contacted as to

the results of their investigation of the samples taken from his truck. The next contact that defendant had with the police was a subpoena to appear and testify before the Grand Jury concerning Lagas, who ultimately pleaded guilty to criminally negligent homicide on May 17, 1995.

Defendant was not told of the types of samples removed from his vehicle during the inspection, was not given an appearance ticket and was never arrested. His recitation of facts was confirmed by the Sheriff's report. Therein, it further detailed that defendant acknowledged that he later read about the accident in the local newspaper, was aware that the police were looking for a second vehicle yet did not come forward.

By letter dated July 19, 1995, defendant was advised that he was to be named as a defendant in wrongful death action concerning decedent. Shortly thereafter, he contacted his insurance carrier, third-party defendant Excelsior Insurance Company, who disclaimed coverage based upon his failure to timely notify it of the accident. The basis of the refusal was its receipt of the police investigatory report which detailed a collection of "pink wool fabric on the undercarriage, hairs on the oil pan, and spots on the front of [defendant's] * * * truck that were '[r]eddish brown and appeared to be dried' " and their immediate rendering of *Miranda* rights to him. Excelsior contended that had they been promptly notified, a site investigation, as well as a contemporaneous analysis of the truck could have been performed.

Plaintiff commenced an action against Lagas and defendant in December 1995.[1] After joinder, defendant again requested a defense from Excelsior which was refused. A third-party action seeking a declaratory judgment against Excelsior was thereafter commenced by defendant. After issue was joined, plaintiff moved for summary judgment against Excelsior, prompting Excelsior's cross motion and alternate request for an order staying the trial of the personal injury action to permit further discovery in the declaratory judgment action. Supreme Court granted plaintiff's motion and denied all other requests; Excelsior appeals from that order. Plaintiff subsequently sought leave to amend her complaint in order to seek punitive damages against Lagas and defendant. Excelsior cross-moved for leave to renew and/or reargue based upon plaintiff's new allegations; all motions were denied, prompting Excelsior to appeal from that order as well.

---

1. A second action alleging Dram Shop liability in relation to defendants' alcohol consumption was also commenced. Supreme Court joined all of the actions for purposes of discovery but severed the third-party action for purposes of trial.

Under New York law, an insured's compliance with notice provisions of an insurance policy constitutes a condition precedent to coverage (*see, American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 442-443; *Reynolds Metal Co. v Aetna Cas. & Sur. Co.*, 259 AD2d 195, 199; *G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821). Yet, "an insured's good-faith belief in nonliability, when reasonable under the circumstances, may excuse a delay in notifying an insurer of an occurrence or potential claim" (*Marinello v Dryden Mut. Ins. Co.*, 237 AD2d 795, 796; *see, D'Aloia v Travelers Ins. Co.*, 85 NY2d 825; *Reynolds Metal Co. v Aetna Cas. & Sur. Co.*, *supra*; *Seemann v Sterling Ins. Co.*, 234 AD2d 672). The reasonableness of the insured's belief, as well as a failure to conduct further inquiry, generally remains a question of fact for the jury (*see, Hudson City School Dist. v Utica Mut. Ins. Co.*, 241 AD2d 641, 642; *Marinello v Dryden Mut. Ins. Co.*, *supra*, at 798; *Seals v Powell*, 236 AD2d 700, 701; *G.L.G. Constr. Corp. v Aetna Cas. & Sur. Co.*, *supra*, at 822). While it is undisputed that timely notice was given to Excelsior after defendant received *actual* notice that a claim was to be made against him, we must focus upon the reasonableness of defendant's belief prior to such time to assess whether his delay in notification should preclude coverage.

Acknowledging that "[t]he function of this Court is 'to review the record to determine if any issues of fact existed' " (*Marinello v Dryden Mut. Ins. Co.*, *supra*, at 797, quoting *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110), we find, unlike Supreme Court, that the conflicting contentions raised here as to the reasonableness of defendant's belief that he was not involved in such accident should be determined by a jury. His admission of alcohol consumption on such evening, the death of a pedestrian in the immediate vicinity of where he ran over an object in the road, the newspaper account seeking a second vehicle, an inspection of his truck and the rendering of *Miranda* rights are all factors which must be considered in assessing his credibility, best reserved for resolution by a trier of fact (*see, G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, *supra*, at 823). While we acknowledge all countervailing circumstances which would support defendant's belief concerning his lack of involvement,[2] it is for all of these reasons that the award of summary judgment is premature.

---

**2.** We note that the reasonableness of defendant's belief is buttressed by the testimony of Adrian Pugh, who was traveling behind defendant's vehicle and believed that his truck struck something in the roadway that she also thought was a trash bag.

Assessing whether Excelsior should be given an opportunity for further discovery, the record reveals that although all parties were ordered to conduct discovery in both the primary and third-party action jointly, only a note of issue was filed in the personal injury action and no discovery schedule was ever issued for this action. Because questions of fact do exist, Excelsior must be granted additional time to complete needed discovery with the personal injury action stayed pending completion of this action.

Wholly without merit is Excelsior's motion to renew and/or reargue based upon plaintiff's recently proffered attorney affirmation which newly characterized defendant's actions up to and immediately following the accident. As no appeal can be taken from a motion to reargue (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783) and since this affirmation would not constitute newly discovered evidence sufficient to warrant the granting, or even the making, of a motion to renew (*see, id.*), the denial was proper.

Mercure, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order entered May 27, 1999 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; said motion denied and matter remitted to the Supreme Court for the establishment of a discovery schedule in the declaratory judgment action and the issuance of stay of the underlying personal injury action; and, as so modified, affirmed. Ordered that the order entered October 8, 1999 is affirmed, without costs.