(May 16, 2006)

■ ALLSTATE INSURANCE COMPANY, Respondent, v MICHAEL A. MARCONE et al., Appellants, et al., Defendants. [815 NYS2d 235]—

In an action for a judgment declaring the parties' rights and duties under certain insurance policies issued by the plaintiff to the defendant Nelda Marcone, the defendants Michael A. Marcone and Nelda Marcone appeal, and the defendant Kerri Iossa, individually and as administratrix of the estate of Giuseppe Iossa, separately appeals, from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered April 26, 2004, which, upon an order of the same court dated August 4, 2003, granting the plaintiff's motion for summary judgment and denying their respective cross motions for summary judgment, declared that the plaintiff is not obligated to defend or indemnify the defendant Michael A. Marcone or the defendant

Nelda Marcone with respect to an incident which occurred on December 3, 1995.

Ordered that the judgment is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motion is denied, and the order dated August 4, 2003 is modified accordingly.

On December 3, 1995 Giuseppe Iossa (hereinafter the decedent) and the defendant Michael A. Marcone (hereinafter Marcone) were deer hunting together when Marcone accidentally shot and killed the decedent. Marcone lived with his mother, the defendant Nelda Marcone, who was a named insured on homeowner's and umbrella insurance policies issued by the plaintiff, Allstate Insurance Company (hereinafter Allstate). Both policies required the insured to promptly notify Allstate of any occurrence for which coverage was sought.

At the time of the hunting accident, the decedent's wife, the defendant Kerri Iossa (hereinafter Iossa), had no information about Marcone other than his name and the fact that he resided in either Manhattan or the Bronx. On two occasions, Iossa's attorney mailed letters to Marcone, in care of every individual listed in the Manhattan and Bronx telephone directories who shared his surname, advising Marcone that Iossa intended to commence a wrongful death action against him and requesting that he forward the letter to his homeowner's insurance carrier. Iossa's attorney also made an unsuccessful attempt to obtain the results of the New York State Police investigation of the hunting accident. Iossa retained new counsel, who was finally able to confirm Marcone's address in October 1997.

In November 1997 Iossa, acting individually and as administratrix of the decedent's estate, commenced a wrongful death action against Marcone and the other parties. In a letter dated December 29, 1997, an attorney retained by Marcone advised Allstate of the hunting accident and the resulting wrongful death action, and forwarded to Allstate a copy of the summons and complaint, which had been served on Marcone on December 19, 1997. In a letter dated January 22, 1998, Allstate disclaimed coverage on the ground that Marcone and his mother had not given Allstate prompt written notice of the hunting accident. Allstate subsequently commenced this action seeking a judgment declaring, in effect, that it is not obligated to defend or indemnify Marcone in the underlying wrongful death action.

The notice provisions of the insurance policies involved in this case must be construed as requiring the insureds to give notice "within a reasonable time under all the circumstances" (*Deso v London & Lancashire Indem. Co. of Am.,* 3 NY2d 127,

129 [1957]; *see* Insurance Law § 3420 [a] [4]; *Serravillo v Sterling Ins. Co.,* 261 AD2d 384 [1999]; *Eveready Ins. Co. v Chavis,* 150 AD2d 332 [1989]). In the absence of a valid excuse, "a failure to satisfy the notice requirement vitiates the policy" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440 [1972]; *see White v City of New York,* 81 NY2d 955, 957 [1993]; *Deso v London & Lancashire Indem. Co., supra* at 129). Allstate established its prima facie entitlement to judgment as a matter of law by demonstrating a delay of more than two years between the hunting accident on December 3, 1995, and the notice of the accident sent to it by Marcone's attorney in December 1997. The Supreme Court properly determined that the excuses proffered by Marcone, which were based primarily on his alleged lack of sophistication and unfamiliarity with insurance claims and his mother's inability to understand the English language, were insufficient to raise a triable issue of fact as to the reasonableness of the two-year delay (*see Virtuoso v Aetna Cas. & Sur. Co.,* 134 AD2d 252 [1987]). We conclude, however, that a triable issue of fact exists as to whether Iossa made a reasonably diligent effort to locate Marcone and his insurer and to provide notice to the insurer itself.

A party injured by an insured individual has an independent interest in the protection afforded by the insured's liability coverage (*see Jenkins v Burgos,* 99 AD2d 217, 220-221 [1984]; *Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 567 [1957], *affd* 4 NY2d 1028 [1958]). Accordingly, "when the insured has failed to give proper notice, the injured party, by giving notice himself [or herself], can preserve his [or her] rights to proceed directly against the insurer" (*Lauritano v American Fid. Fire Ins. Co., supra* at 568; *see* Insurance Law § 3420 [a] [3]). Notice given by an injured party "is not to be judged by the same standards, in terms of time, as govern notice by the insured, since what is reasonably possible for the insured may not be reasonably practical for the injured person. . . . In each case, the test is one of reasonableness, measured by the diligence exercised by the injured party in light of the prospects afforded to him under the circumstances" (*Jenkins v Burgos, supra* at 221 [citation omitted]; *see Eveready Ins. Co. v Chavis, supra* at 333; *Elmuccio v Allstate Ins. Co.,* 149 AD2d 653 [1989]; *Lauritano v American Fid. Fire Ins. Co., supra* at 568). The reasonableness of any delay and the sufficiency of the excuse offered ordinarily present questions of fact to be resolved at trial (*see Eveready Ins. Co. v Chavis, supra* at 333; *State of New York v Zurich Ins. Co.,* 199 AD2d 916, 917 [1993]).

Judging not by hindsight, but by "the standard of what ap-

peared reasonable at the time" (*Lauritano v American Fid. Fire Ins. Co., supra* at 570), it cannot be determined as a matter of law that Iossa was required to undertake more aggressive means of locating Marcone, ascertaining his insurance coverage, and notifying his insurer of the hunting accident. Iossa's attorney attempted to obtain information about Marcone from the police, and expressly requested in two letters reasonably designed to reach Marcone that he provide the required notice to his insurer. Iossa's diligence in locating Marcone for the purpose of providing notice to his insurer could be found by a rational trier of fact to be reasonable. Accordingly, summary judgment was not appropriate.

Iossa's remaining contentions are without merit (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.,* 4 NY3d 332 [2005]; *Massachusetts Bay Ins. Co. v Flood,* 128 AD2d 683 [1987]). Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.