■ KLERSY BUILDING CORPORATION, Respondent, v HARLEYSVILLE WORCESTER INSURANCE COMPANY, Appellant. [828 NYS2d 661]—

Lahtinen, J. Appeal from an order of the Supreme Court (McNamara, J.), entered April 5, 2006 in Albany County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff is a small, family-run general contractor that has been in business for nearly 50 years and primarily constructs single family homes. On June 16, 2004, Michael Clegg allegedly fell from the second story of a house construction project for which plaintiff was the general contractor. Clegg was an employee of a subcontractor, David C. Donato Carpentry (hereinafter Donato). Although plaintiff's president, Kevin Klersy, received notice of the accident on the day it occurred, he did not contact defendant, the company's commercial insurer.

About four months later, on October 26, 2004, plaintiff was served with a summons and complaint in an action commenced by Clegg and his spouse alleging Labor Law causes of action. Plaintiff notified defendant on October 29, 2004. Defendant denied coverage in a letter dated November 12, 2004, asserting that plaintiff had failed to comply with a policy provision to notify it of any occurrence "as soon as practicable." Plaintiff then brought this declaratory judgment action seeking to compel defendant to defend and indemnify. Both parties moved for summary judgment. Supreme Court denied the motions, finding triable issues of fact. Defendant appeals.

"Where a policy of liability insurance requires that notice of an occurrence be given 'as soon as practicable,' such notice must be accorded the carrier within a reasonable period of time" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005] [citation omitted]). Failure to comply with the notice requirement vitiates the contract of insurance and, under such circumstances, the insurer is not required to demonstrate actual prejudice from the delay in order to successfully disclaim coverage (*see id.*; *Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]). However, omitting to provide timely notice may be excused in certain situations, such as "where the insured has 'a good-faith belief of nonliability,' provided that belief is reasonable" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, *supra* at 743, quoting *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]). "Although the

insured bears the burden of proving that there was a reasonable excuse for a delay, the question of such reasonableness is generally a question of fact for a jury" (*Hudson City School Dist. v Utica Mut. Ins. Co.*, 241 AD2d 641, 642 [1997] [citations omitted]; *see Morehouse v Lagas*, 274 AD2d 791, 794 [2000]).

Here, Klersy explained that he did not immediately contact defendant because Clegg was employed by Donato, Donato was supervising Clegg when the accident occurred, and Donato had provided plaintiff with proof of both liability and workers' compensation coverage prior to the construction project. He believed that any potential claim would be covered by Donato's insurance and did not think plaintiff had any liability for the incident. Klersy added that, during the company's nearly 50 years in business, it had minimal experience with job site accidents that resulted in claims. He was aware of only two prior claims, both of which settled before an action was commenced and only one of which (occurring in 1991) involved a worker being injured at the job site. In view of the circumstances of this case and in light of the preference for permitting a jury to determine the question of reasonableness, we are unpersuaded that Supreme Court erred in denying defendant's motion for summary judgment (*see G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821, 822-823 [1995]; *Triantafillou v Colonial Coop. Ins. Co.*, 178 AD2d 925, 926-927 [1991]).

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.