NORTH COUNTRY INSURANCE COMPANY, Appellant, v JAMES JANDREAU, Respondent. [856 NYS2d 294]—

Kane, J. Appeal from an order of the Supreme Court (Demarest, J.), entered April 5, 2007 in St. Lawrence County, which denied plaintiff's motion for summary judgment.

Defendant was the general contractor on a new home construction project. Paul Dominique was an employee of a roofing subcontractor working on the project. On March 30, 2005, defendant was present on the site and informed Dominique's supervisor that no one should go on the roof due to weather conditions. The supervisor apparently agreed. Soon thereafter, defendant discovered that Dominique had fallen off the roof and was taken to the hospital. In a phone call to the subcontractor that night, defendant learned that Dominique was transferred to another hospital and the subcontractor would inform his own insurance carrier of the occurrence. Defendant later learned that Dominique underwent leg surgery.

On April 13, 2006, defendant was served with a summons and complaint in the underlying personal injury action commenced by Dominique and his wife against defendant and the property owner. That same day, defendant forwarded the pleadings to his insurance agent, who immediately provided them to plaintiff, the insurer who issued defendant a general liability insurance policy for the relevant time period. Plaintiff disclaimed coverage based upon, among other things, defendant's failure to provide timely notice of the occurrence, and then commenced this action seeking a declaration that plaintiff is not required to defend or indemnify defendant in the underlying action. Supreme Court denied plaintiff's motion for summary judgment, prompting this appeal.

We affirm. The relevant provision of the policy states that "[i]n case of an occurrence or if you become aware of anything that indicates there might be a claim under this policy, you must give us or our agent notice . . . as soon as practicable." While compliance with an insurance policy's notice provision is required to obtain coverage, "there may be circumstances that excuse a failure to give timely notice, such as where the insured has 'a good-faith belief of nonliability,' provided that belief is reasonable" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005], quoting *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *see Klersy Bldg. Corp. v Harleysville Worcester Ins. Co.*, 36 AD3d 1117, 1118 [2007]). The insured bears the burden of establishing a reasonable excuse for the delay in providing notice, but the question of such reasonableness is generally a factual question for a jury (*see St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030, 1031 [2007]; *Klersy Bldg. Corp. v Harleysville Worcester Ins. Co.*, 36 AD3d at 1118-1119).

Here, defendant explained that he did not contact plaintiff because Dominique was working for the subcontractor and under the subcontractor's control and supervision at the time of the accident. The subcontractor had provided proof of liability and workers' compensation coverage prior to commencing work, and informed defendant on the day of the accident that it was submitting a claim to its insurer. Defendant did not hear from Dominique or anyone on his behalf from the date of the accident until defendant was served with the pleadings in the underlying action. He further believed that there was no liability because Dominique was acting contrary to his own advice, and presumably that of Dominique's supervisor, that no one go on the roof. Despite owning a construction company for 12 years, defendant had never been sued for a construction site

injury and was thus unfamiliar with the nuances of liability. Defendant notified plaintiff the same day that he was served process. Under the circumstances, and in light of the preference for permitting a jury to decide the question of reasonableness, Supreme Court did not err in denying plaintiff's motion for summary judgment (*see Klersy Bldg. Corp. v Harleysville Worcester Ins. Co.*, 36 AD3d at 1119; *G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821, 822 [1995]).

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.