CHARLES M. SHORT, Respondent, v PROGRESSIVE NORTH-WESTERN INSURANCE COMPANY, Appellant, and JEFFREY SUSS-MAN, Respondent. [894 NYS2d 799]—

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered December 12, 2008 in a declaratory judgment action. The judgment, among other things, declared that defendant Progressive Northwestern Insurance Company is obligated to defend and indemnify plaintiff in the underlying personal injury action.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by denying the cross motion and vacating the declaration and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this declaratory judgment action seeking a declaration that defendant Progressive Northwestern Insurance Company (Progressive) is obligated to defend and indemnify him in connection with a motor vehicle accident that occurred when plaintiff was driving a vehicle owned by his girlfriend's father. Defendant Jeffrey Sussman, a passenger in that vehicle, allegedly sustained a serious brain injury in the accident. At the time of the accident, plaintiff was a named insured on an automobile liability policy issued to his grandmother by Progressive.

Supreme Court properly denied the motion of Progressive seeking a declaration that Progressive has no duty to defend or indemnify plaintiff based upon the failure of plaintiff to satisfy the notice requirement of the policy. There are triable issues of fact when notice of the accident was provided to Progressive on plaintiff's behalf and whether such notice was given "within a reasonable time under all the circumstances" (*Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127, 129 [1957]; *see Allstate Ins. Co. v Marcone*, 29 AD3d 715, 716-717 [2006], *lv dismissed* 7 NY3d 841 [2006]). With respect to Sussman, we conclude that the court erred in granting the cross motion because the reasonableness of his delay and the sufficiency of his excuse in notifying Progressive of the accident based on his status as an injured party present issues of fact (*see* Insurance Law § 3420 [a] [3]; *Allstate Ins. Co.*, 29 AD3d at 717). We therefore modify the judgment accordingly. Present—Smith, J.P., Fahey, Carni and Green, JJ.