■ NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant, v ALEX L. MAITLAND et al., Respondents. [915 NYS2d 180]—

Peters, J.P. Appeal from that part of an order of the Supreme Court (Aulisi, J.), entered January 25, 2010 in Hamilton County,

---

which denied plaintiff's motion for summary judgment seeking a declaration that it had no duty to defend or indemnify defendants Alex L. Maitland and Tamara Maitland in an underlying personal injury action.

On January 24, 2007, while at a bar in the Town of Speculator, Hamilton County, defendant Lisa Turner hit her head on the floor and was temporarily rendered unconscious. According to Turner, she was injured when defendant Alex L. Maitland, an old high school friend who she had encountered at the bar, lost his balance after attempting to pick her up onto his shoulders. Following the incident, an ambulance was summoned and Turner was diagnosed with a head injury and released from the hospital that evening. Several months later, in April 2007, Turner was diagnosed with two herniated disks and subsequently underwent surgery. Turner and her husband, derivatively, thereafter commenced a personal injury action against Maitland, among others. After Maitland was served, he notified plaintiff, his insurer, of the action on February 4, 2008. Plaintiff disclaimed coverage on the ground that neither Maitland nor Turner gave prompt notice of the incident. Plaintiff then commenced the instant action seeking a judgment declaring that it had no duty to defend or indemnify Maitland and his wife in connection with the underlying personal injury action. Following joinder of issue, plaintiff moved and the Maitlands crossmoved for summary judgment. Supreme Court denied both motions, prompting this appeal by plaintiff.

Where, as here, "a policy of liability insurance requires that notice of an occurrence be given 'as soon as practicable,' such notice must be accorded the carrier within a reasonable period of time" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005] [citation omitted]; *see Sorbara Constr. Corp. v AIU Ins. Co.*, 11 NY3d 805, 806 [2008]). There may be circumstances that excuse a delay in notifying the insurer, such as the insured's good faith reasonable belief in nonliability (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743; *U.S. Underwriters Ins. Co. v Carson*, 49 AD3d 1061, 1063 [2008]; *Spa Steel Prods. Co. v Royal Ins.*, 282 AD2d 864, 865 [2001]). "The reasonableness of the insured's belief, as well as a failure to conduct further inquiry, generally remains a question of fact for the jury" (*Morehouse v Lagas*, 274 AD2d 791, 794 [2000] [citations omitted]; *see Preferred Mut. Ins. Co. v New York Fire-Shield, Inc.*, 63 AD3d 1249, 1251 [2009]). Guided by these principles, we find that questions of fact exist as to whether there was a reasonable excuse for Maitland's delay in providing notice.

Here, Maitland stated that he did not believe that Turner had sustained any type of significant injury on the date of the incident, explaining that she was walking after the fall, did not appear to be injured and refused to get into an ambulance until he convinced her to do so as a precautionary measure. Although Maitland indicated that he heard rumors in the summer of 2007 that he might be sued by Turner, he believed it to be simply "scuttlebutt about town," as the information did not come from Turner herself—or anyone with direct knowledge—and he did not learn of Turner's diagnosis of bulging disks until much later. Furthermore, while plaintiff submitted two letters that were sent to Maitland in August and September 2007 from the insurer of the bar inquiring as to the incident that caused Turner's injuries, as well as correspondence sent from Turner's counsel in May and October 2007 advising Maitland that Turner was being represented for serious injuries sustained as a result of the January 2007 incident, Maitland stated that he does not recall ever receiving these letters. Maitland averred that his address is "P.O. Box 789, Lake Pleasant" and that the correspondence, which was addressed to either "Route 8, Lake Pleasant" or "Route 8, Speculator," would likely not have reached his home without the inclusion of his post office box number since "Route 8 is a large expanse of state highway in Lake Pleasant and beyond." Maitland did mention in a recorded statement to the insurer that he received a letter from "an attorney" in September or October 2007, but there is no evidence as to the contents of that letter or who sent it, and Maitland subsequently averred that he did not recall receiving a letter from Turner's attorney. In light of these credibility issues and the conflicting inferences that may be drawn from the facts, and mindful of the preference for permitting a jury to decide the question of reasonableness, we find that Supreme Court properly denied plaintiff's summary judgment motion (see *North Country Ins. Co. v Jandreau*, 50 AD3d 1429, 1431 [2008]; *Klersy Bldg. Corp. v Harleysville Worcester Ins. Co.*, 36 AD3d 1117, 1119 [2007]; *Morehouse v Lagas*, 274 AD2d at 794; *G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821, 822 [1995]).

Similarly unpersuasive is plaintiff's assertion that Turner's notice to it was untimely as a matter of law. Insurance Law § 3420 (a) (3) affords an injured party an independent right to give notice so as to preserve his or her right to proceed directly against an insurer, notwithstanding the timeliness of the notice given by an insured (see *American Tr. Ins. Co. v Sartor*, 3 NY3d 71, 76 [2004]; *General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 863-864 [1979]; *U.S. Underwriters Ins. Co. v Carson*, 49 AD3d at 1064; *Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564,

568 [1957], *affd* 4 NY2d 1028 [1958]). "Significantly, the notice required of an injured party to an insurer is measured less rigidly than the notice required of an insured . . . 'since what is reasonably possible for the insured may not be reasonably practical for the injured person' " (*GA Ins. Co. of N.Y. v Simmes*, 270 AD2d 664, 666 [2000], quoting *Jenkins v Burgos*, 99 AD2d 217, 221 [1984]; *accord U.S. Underwriters Ins. Co. v Carson*, 49 AD3d at 1064). "In each case, the test is one of reasonableness, measured by the diligence exercised by the injured party in light of the prospects afforded to him [or her] under the circumstances" (*Jenkins v Burgos*, 99 AD2d at 221 [citation omitted]; *see GA Ins. Co. of N.Y. v Simmes*, 270 AD2d at 666).

Here, within a few weeks of being diagnosed with herniated disks and advised of the need for surgery, Turner retained an attorney. Her attorney promptly engaged the services of a private investigator, but the investigator was unable to locate or speak with Maitland.\* After ascertaining that Turner had a viable claim, Turner's attorney immediately requested in a May 1, 2007 letter, and again in an October 2007 letter, that Maitland provide notice to his insurer and to contact him if he was not insured. Under these circumstances, the reasonableness of Turner's actions in attempting to provide notice to plaintiff presents a question of fact for the jury to resolve (*see U.S. Underwriters Ins. Co. v Carson*, 49 AD3d at 1064; *Allstate Ins. Co. v Marcone*, 29 AD3d 715, 717 [2006], *lv dismissed* 7 NY3d 841 [2006]; *GA Ins. Co. of N.Y. v Simmes*, 270 AD2d at 666-667).

Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

 ---

\* Notably, Maitland averred that he was rarely home in 2007 because his job required him to engage in extensive travel.