■ DENNISSE TORRES, Also Known as DENNISSE TORRES-RODRIGUEZ, Individually and by ROBERTO RODRIGUEZ, as Commissioner of Social Services of Ulster County, Appellant, v IRWIN RICH, Defendant, and SAINT CABRINI HOME, INC., Respondent.
[955 NYS2d 665]—

Lahtinen, J. Appeal from an order of the Supreme Court (Zwack, J.), entered August 2, 2011 in Ulster County, which granted a motion by defendant Saint Cabrini Home, Inc. for summary judgment dismissing the complaint against it.

The Ulster County Department of Social Services placed plaintiff, a neglected 13-year-old child, at a residential facility operated by defendant Saint Cabrini Home, Inc. (hereinafter defendant), located in the Town of Esopus, Ulster County. In January 2007, plaintiff left the facility on foot without permission at about 10:00 p.m. and she proceeded to nearby State Route 9W, where she was struck by a vehicle operated by defendant Irwin Rich. She sustained serious injuries and thereafter commenced this action against Rich and also against defendant, asserting negligent supervision as to defendant. Following discovery, defendant successfully moved for summary judgment dismissing the complaint as to it and plaintiff now appeals.

Initially, we are unpersuaded by plaintiff's contention that Supreme Court should have used a standard of care applicable to a facility caring for the mentally infirm (*see generally Campbell v Cluster Hous. Dev. Fund Co.*, 247 AD2d 353, 353-354 [1998]). There is no proof that plaintiff was placed with defendant for treatment of a mental illness. She had emotional and behavioral issues, which were reflective of her history as a neglected child. However, there is no competent medical proof in the record revealing mental illness.

In a group home such as defendant's where the institution is essentially stepping into the shoes of the missing parent, the institution has a duty to provide the degree of care and supervision that a reasonable parent would provide (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Plaintiff resided in one of the cottages on the premises together with 17 other girls. There were five staff members on duty at the cottage as well as an administrator in a nearby building. Although the extent of the use of locks at the cottage is disputed, the record does not indicate that this was the type of facility where locking the children into the cottages was required. Plaintiff had previously made unauthorized exits, but she had willingly returned without incident or injury. On the night of the accident, plaintiff was

observed leaving the cottage by a staff member who attempted to follow her and who notified other staff. Several other staff members together with the on-duty administrator attempted to secure plaintiff's return. They found plaintiff on the shoulder of nearby State Route 9W. However, plaintiff refused their verbal directives that she return and moved away from staff members as they approached her.

Defendant presented proof that its staff followed established protocols by monitoring plaintiff's movements and calmly talking to her so as to minimize the possibility of the situation escalating. Defendant also produced a letter written by plaintiff after the incident to a staff member in which she stated that she had "jump[ed] in front of that . . . car." In her brief, plaintiff speculates that defendant's employees should have physically removed her from the road but, shortly thereafter, indicates that the employees should have stayed farther away from her. However, our review of the record reveals no proof that defendant's protocols were deficient or that defendant acted improperly. Therefore, we agree with Supreme Court that defendant met its threshold burden of establishing that it was entitled to summary judgment and plaintiff failed to raise triable issues.

Garry and Egan Jr., JJ., concur.

Stein, J. (dissenting). In our view, defendant Saint Cabrini Home, Inc. (hereinafter defendant) never carried its initial burden of demonstrating the absence of triable issues of fact as to whether its staff met its duty to provide the degree of care to plaintiff that a reasonable parent would provide. Therefore, we respectfully dissent.

The question of reasonableness is almost always one for the jury (*see Nationwide Mut. Fire Ins. Co. v Maitland*, 79 AD3d 1348, 1349 [2010]; *North Country Ins. Co. v Jandreau*, 50 AD3d 1429, 1430 [2008]), and we find no basis to depart from that general rule here. The record reflects that plaintiff was seriously injured on a dark and foggy night, after defendant's staff found her walking on State Route 9W. The road was wet and had moderate traffic. As one staff member approached plaintiff, she quickened her pace to a jog and told the employee not to come too close. After an unsuccessful attempt to block plaintiff's path, several of defendant's employees watched as plaintiff crossed the road twice in a manner described as "without regard to traffic." Verbal efforts to persuade plaintiff to leave the road and return to the facility were also unsuccessful. There was evidence that plaintiff had previously threatened to harm herself, although not to the level of being suicidal. After crossing the

road twice, she eventually walked into the middle of the road where she remained for between one and five minutes before she was hit by an oncoming vehicle. Apparently, the police were not summoned until after the accident.

Viewing this evidence in a light most favorable to plaintiff (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]; *U.W. Marx, Inc. v Koko Contr., Inc.*, 97 AD3d 893, 894 [2012]), we are of the opinion that there is a factual issue as to whether the actions of defendant's employees were reasonable and whether a parent of ordinary prudence in similar circumstances would have employed more aggressive or different means to protect plaintiff. It is simply not enough for defendant to demonstrate that its staff followed established protocols in the absence of any evidence that such protocols were reasonable and appropriate under the circumstances. For example, defendant has offered no evidence to show how its protocols were developed or the basis for adopting them. In the absence of any independent criterion against which to assess the reasonableness of defendant's protocols, we disagree with the majority's conclusion that the burden ever shifted to plaintiff to prove otherwise. Because we are of the view that plaintiff is entitled to a trial, we would reverse Supreme Court's order and reinstate the complaint.

Peters, P.J., concurs. Ordered that the order is affirmed, with costs.