Stein, J.
(dissenting). In our view, defendant Saint Cabrini Home, Inc. (hereinafter defendant) never carried its initial burden of demonstrating the absence of triable issues of fact as to whether its staff met its duty to provide the degree of care to plaintiff that a reasonable parent would provide. Therefore, we respectfully dissent.
The question of reasonableness is almost always one for the jury (see Nationwide Mut. Fire Ins. Co. v Maitland, 79 AD3d 1348, 1349 [2010]; North Country Ins. Co. v Jandreau, 50 AD3d 1429, 1430 [2008]), and we find no basis to depart from that general rule here. The record reflects that plaintiff was seriously injured on a dark and foggy night, after defendant’s staff found her walking on State Route 9W. The road was wet and had moderate traffic. As one staff member approached plaintiff, she quickened her pace to a jog and told the employee not to come too close. After an unsuccessful attempt to block plaintiff’s path, several of defendant’s employees watched as plaintiff crossed the road twice in a manner described as “without regard to traffic.” Verbal efforts to persuade plaintiff to leave the road and return to the facility were also unsuccessful. There was evidence that plaintiff had previously threatened to harm herself, although not to the level of being suicidal. After crossing the *1302 road twice, she eventually walked into the middle of the road where she remained for between one and five minutes before she was hit by an oncoming vehicle. Apparently, the police were not summoned until after the accident.
Viewing this evidence in a light most favorable to plaintiff (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; U.W. Marx, Inc. v Koko Contr., Inc., 97 AD3d 893, 894 [2012]), we are of the opinion that there is a factual issue as to whether the actions of defendant’s employees were reasonable and whether a parent of ordinary prudence in similar circumstances would have employed more aggressive or different means to protect plaintiff. It is simply not enough for defendant to demonstrate that its staff followed established protocols in the absence of any evidence that such protocols were reasonable and appropriate under the circumstances. For example, defendant has offered no evidence to show how its protocols were developed or the basis for adopting them. In the absence of any independent criterion against which to assess the reasonableness of defendant’s protocols, we disagree with the majority’s conclusion that the burden ever shifted to plaintiff to prove otherwise. Because we are of the view that plaintiff is entitled to a trial, we would reverse Supreme Court’s order and reinstate the complaint.
Peters, EJ., concurs. Ordered that the order is affirmed, with costs.