McCarthy, J.
Appeal from an order of the Supreme Court (Work, J.), entered May 14, 2013 in Ulster County, which denied a motion by defendant Lexington Insurance Company for, among other things, summary judgment dismissing the complaint against it.
Plaintiffs commenced this declaratory judgment action seeking a declaration that defendant Lexington Insurance Company is obligated to defend and indemnify defendant Nevele Hotel, LLC in an underlying personal injury action. In the underlying action, plaintiffs allege that Nevele’s negligence caused plaintiff Robert Kdeinberg to sustain an injury on the slopes of Nevele’s ski resort. Lexington moved for summary judgment, seeking dismissal of the complaint against it and a declaration that it was not obligated to defend and indemnify Nevele in regard to plaintiffs’ underlying action. Lexington argued, among other things, that Nevele had cancelled its insurance policy prior to the date of the alleged injury, and that, even if the policy were in effect, Lexington was not required to provide coverage given that it did not receive timely notice of the potential claim. We agree that Lexington did not receive timely notice of the potential claim, and it is therefore entitled to judgment as a matter of law.
Lexington met its prima facie burden by establishing that it did not receive timely notice of the potential claim. “Where a policy of liability insurance requires that notice of an occurrence be given ‘as soon as practicable,’ such notice must be accorded the carrier within a reasonable period of time” (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005] [citation omitted]). Plaintiffs alleged that Nevele, rather than themselves, provided Lexington with the necessary notice. In support of its motion for summary judgment, Lexington submitted its policy with Nevele, which contained an “as soon as practicable” notice clause. Through further submissions, Lexington established that Nevele had generated an incident report on the day the accident occurred, in February 2006, and plaintiffs and Lexington agree that Nevele received notice by letter from plaintiffs in March 2006. Even assuming that Nevele was not put on notice on the day of the accident (but see Tower Ins. Co. of N.Y. v Lin Hsin Long Co., 50 AD3d 305, 307-308 [2008]), Lexington established its prima facie entitlement to judgment as a matter of law on the issue of notice by demonstrating a delay of approximately 10 months between Nevele’s receipt of plaintiffs’ March 2006 letter and its January *1128 notice to Lexington (see Deso v London & Lancashire Indem. Co. of Am., 3 NY2d 127, 130 [1957]; Seneca Ins. Co. v W.S. Distrib., Inc., 40 AD3d 1068, 1069 [2007]; Steinberg v Hermitage Ins. Co., 26 AD3d 426, 427 [2006]; Whitney M. Young, Jr. Health Ctr. v New York State Dept. of Ins., Liquidation Bur., 152 AD2d 835, 836 [1989]).[1]
Plaintiffs failed to raise a material issue of fact as to its reasonable efforts to identify Lexington as the relevant insurer. Because an injured party is allowed by law to provide notice to an insurance company (see Insurance Law § 3420 [a] [3]), he or she is also generally held to any prompt notice condition precedent of a policy (see Nationwide Mut. Fire Ins. Co. v Maitland, 79 AD3d 1348, 1351 [2010]; Allstate Ins. Co. v Marcone, 29 AD3d 715, 717 [2006], lv dismissed 7 NY3d 841 [2006]). However, such an injured party can overcome an insurance company’s failure to receive timely notice — which would otherwise vitiate coverage — by a demonstration that he or she did not know the insurer’s identity despite his or her reasonably diligent efforts to obtain such information (see Kalthoff v Arrowood Indem. Co., 95 AD3d 1413, 1415 [2012], lv denied 19 NY3d 815 [2012]; Nationwide Mut. Fire Ins. Co. v Maitland, 79 AD3d at 1351).
As proof of their reasonably diligent efforts, plaintiffs submitted two letters that they had sent to Nevele with an attached questionnaire. The letters provided notice of the contemplated personal injury action, requested that Nevele complete the questionnaire and requested that Nevele either kindly refer the letter to Nevele’s insurance company or inform plaintiffs if Nevele was not insured. The attached questionnaire requested insurance carrier information. However, despite the fact that Kleinberg’s accident did not involve any automobile, that questionnaire only specifically requested insurance information regarding Nevele’s automobile insurer. Nevele responded to the second correspondence, but it did not respond to the question relating to insurance coverage. The record is devoid of evidence that plaintiffs took any further efforts to ascertain Lexington’s identity.
The foregoing demonstrates that Nevele responded to plaintiffs’ correspondence (compare Tower Ins. Co. of N.Y. v Lin *1129 Hsin Long Co., 50 AD3d at 311 [2008, Andrias, J., dissenting]) and that Nevele neither supplied misinformation (compare Denneny v Lizzie’s Buggies, 306 AD2d 89, 89 [2003]) nor explicitly refused to provide the relevant insurance information. Moreover, the record fails to demonstrate that plaintiffs made any investigatory efforts outside of their correspondence to Nevele (compare Nationwide Mut. Fire Ins. Co. v Maitland, 79 AD3d at 1351)[2] or that they ever responded to Nevele’s correspondence before Nevele eventually gave notice to Lexington. Given the combination of plaintiffs’ initial failure to specifically ask for the relevant insurance information, their failure to ask for such information after Nevele’s communication and their failure to promptly follow up in any other manner, plaintiffs failed to raise a triable issue of fact as to their reasonable efforts to ascertain Lexington’s identity (see Kalthoff v Arrowood Indem. Co., 95 AD3d at 1415; Spentrev Realty Corp. v United Natl. Specialty Ins. Co., 90 AD3d 636, 637 [2011]; Tower Ins. Co. of N.Y. v Lin Hsin Long Co., 50 AD3d at 309-310; Trepel v Asian Pac. Express Corp., 16 AD3d 405, 406 [2005]). Accordingly, Lexington was entitled to summary judgment dismissing the complaint against it and a declaration in its favor.
Given this determination, Lexington’s remaining contentions, including its arguments regarding the cancellation of the policy and plaintiffs’ obligation to duplicate the notice provided by Nevele, are rendered academic.
Lahtinen, J.P., Garry and Lynch, JJ., concur. Ordered that the order is reversed on the law, with costs, motion granted, summary judgment awarded to defendant Lexington Insurance Company, complaint dismissed against said defendant, and it is declared that said defendant has no duty to defend or indemnify defendant Nevele Hotel, LLC in plaintiffs’ underlying personal injury action.

. We note that the March 2006 letter was submitted by plaintiffs in opposition to defendants’ motion. Even if we relied on the June 2006 letter from plaintiffs to Nevele that defendants submitted in support of their motion— rather than on plaintiffs’ and Lexington’s agreement that we can consider the March 2006 letter — that seven-month delay would also fail to provide Lexington with timely notice.

. We recognize that it is unlikely that independent investigation would have revealed Lexington’s identity, but even an ineffective effort to ascertain Lexington’s identity through other investigation could offer a reasonable explanation for why plaintiffs abandoned any efforts to ascertain Lexington’s identity from Nevele.